(65 South. 226)

No. 19996.

LOUISIANA STAVE CO., Limited, v. SOUTH ARKANSAS LUMBER CO., Limited.

(April 27, 1914. Rehearing Denied May 25, 1914.)

*(Syllabus by the Court.)*

1. LIMITATION OF ACTIONS (§ 55*)—LOGS AND LOGGING (§ 3*)—SALE OF TIMBER—BREACH OF WARRANTY—PRESCRIPTION.

   Where A. sold to B. all the oak timber on certain quarter sections, and A. subsequently sold the same timber to C., who recorded his deed before the registry of the deed from A. to B., *held*, that B.'s measure of damages is the value of the timber acquired by C., and that the prescription of one year against B.'s claim for damages against A. commenced to run from the date of plaintiff's knowledge of the cutting and removal of the timber. Act No. 33, p. 41, of 1902.

   [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 299–306; Dec. Dig. § 55;* Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. § 3.*]

2. DEEDS (§ 121*)—QUITCLAIM DEEDS—WARRANTIES.

   The vendor in a quitclaim deed warrants against his own acts, and any agreement to the contrary is null.

   [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 394–400; Dec. Dig. § 121.*]

Appeal from Fifth Judicial District Court, Parish of Jackson; Cas Moss, Judge.

Action by the Louisiana Stave Company, Limited, for the use and benefit of the Cornie Stave Company, against the South Arkansas Lumber Company, Limited. Judgment for plaintiff, and defendant appeals. Affirmed.

A. A. Gunby, of Monroe, for appellant. Barksdale & Barksdale, of Ruston, for appellee.

LAND, J. The allegations of the petition are substantially as follows:

On January 21, 1904, the defendant sold to the plaintiff, for the price of $2,500, all the merchantable white oak and other bolt and stave timber growing and standing on certain sectional subdivisions of land situ-

ated in part in the parish of Winn, and the remainder in the parish of Jackson.

That the deed of sale was not recorded in the parish of Winn, and the defendant took advantage of the situation by fraudulently selling the same timber to the Tremont Lumber Company, by deed of date April 3, 1906, and recorded in the month of April, 1907.

That on April 2, 1907, the plaintiff sold said timber and other property to the Cornie Stave Company for the sum of $30,000.

That, immediately after plaintiffs' officers and agents discovered the said fraudulent sale of defendant company to the Tremont Company, they complained to both companies, and demanded that the rights of the plaintiff in said timber be recognized, and forbade the Tremont Company to cut, remove, or trespass on the same.

That the defendant company repeatedly promised to adjust the matter and to protect the petitioners' right and title to the timber, but negligently and willfully failed to do so.

That, over the protest of the plaintiff, the Tremont Company had cut and removed from said lands over 400,000 feet of white oak timber previously sold to the plaintiff, and was continuing to cut and remove the remainder. That the stave timber · on said lands when purchased by the plaintiff amounted to more than 2,000,000 feet, and that said timber had greatly increased in value since the date of plaintiff's purchase, and was well worth $8,000.

That the defendant company, having designedly and willfully defrauded the plaintiff of said timber and in bad faith caused the Tremont Company to cut and remove the same, was responsible to plaintiff, for the use and benefit of the Cornie Stave Company, for the market value of the timber after it was cut and removed, to wit, $10 per 1,-000 feet, making $20,000 for which sum the plaintiff prayed for judgment against the defendant for the use and benefit of the Cornie Stave Company, which later intervened as the equitable owner of the claim sued on.

The intervener alleged that the suit had been brought with its knowledge and consent; that it had duly approved and ratified the same; and that intervener adopted the allegations and prayer of the plaintiffs' petition.

Defendant filed sundry exceptions which were overruled, and then answered in substance as follows:

That in January, 1904, the defendant sold and quitclaimed to plaintiff, by deeds, without warranty of title, the white oak timber on certain lands. That the first deed was duly recorded in the parish of Jackson on October 16, 1905, and the second was duly recorded in the same parish on October 17, 1905.

That the plaintiff, from and after the date of said deeds, during the entire years 1904, 1905, and 1906, was actually in possession of said timber, and actually engaged in cutting and marketing the same, and received profits therefrom far exceeding the nominal price of the quitclaims.

That defendant never sold said timber to the Tremont Company, but expressly reserved and excepted said hardwood timber from the sale to said company in its contract of agreement to sell, and its deed passed April 3, 1906, and recorded April 17, 1907, wherein it was expressly stipulated that defendant only sold such timber as it then owned, which exception was understood by all parties to mean the exclusion of the timber previously sold to the Louisiana Stave Company.

That defendant had never cut any timber claimed by the plaintiff or authorized any one to cut the same.

That the Tremont Company never cut any timber belonging to the plaintiff.

That if the court should decide otherwise, and that the defendant was liable for the acts of the Tremont Company, then defendant had the right to recover over against said company.

Defendant prayed that the demand of the plaintiff be rejected, and in the alternative that the Tremont Company be called in warranty and for judgment over against said company.

The call in warranty was properly dismissed on an exception of no cause of action, as there was neither a real nor personal warranty.

Defendant pleaded the prescription of one year in bar of plaintiffs' demand.

The case was tried, and there was judgment in favor of the plaintiff and intervener, overruling the plea of prescription and the plea of want of authority referred to the merits, and for the sum of $1,792, with 5 per cent. interest from judicial demand, for the value of 448,000 feet of timber cut and removed, at the rate of $4 per 1,000 feet; all other demands of the plaintiff being dismissed as in case of nonsuit.

Defendant took a devolutive appeal from the judgment. Plaintiff has answered, and prayed that the judgment be amended by increasing the award of damages so as to include all the timber on the land, cut and uncut.

[1] The case presented in the petition may be briefly stated as one where A., having sold the timber on certain lands to B., made a second sale of the same timber to C., who was the first to record his title. It is evident that B's title was divested by the act of his own vendor, who is accountable for the consequences.

The exceptions of the defendant were properly overruled. The plaintiff and the intervener represented all the parties interested in the cause of action set forth in the petition; and the damages claimed were due to the one or the other. The suit and the intervention were authorized by the respective corporations.

[2] The objection that the sales from the defendant to the plaintiff were quitclaim deeds, without warranty, is without merit.

"Although it be agreed that the seller is not subject to warranty, he is, however, accountable for what results from his personal act; and any contrary agreement is void." Civil Code, 2504.

If, therefore, the defendant sold to the Tremont Company the same timber that it previously sold to the plaintiff, the defendant is responsible for the resulting damages.

The defendant in his answer denied that he had made any such resale.

In the agreement of sale between defendant and the Tremont Company, of date March 12, 1906, the following stipulation appears:

"It is understood that on certain 40's which have been estimated by J. D. Leary & Co. there are about 2,000,000 feet of hardwood timber which does not belong to the first party and is not embraced in this contract."

This private agreement was never recorded. In the subsequent deed of date April 3, 1906, the above stipulation was not inserted. In the deed of sale appears the following paragraph:

"It being also specially stipulated and agreed that, while the vendor herein conveys all the merchantable pine timber on certain lands hereinbefore described, it conveys only such timber as its said vendor has heretofore acquired in any manner whatsoever and now owns."

That the hardwood timber sold by the defendant to the plaintiff was included in the deed from the defendant to the Tremont Company is not disputed. It is argued, however, that such timber was excepted from the operation of the deed by the stipulation just quoted. As the stipulation refers to merchantable pine timber, the words "such timber," following in the same sentence, cannot be construed as referring to any other kind of timber. Moreover, the stipulation refers only to the conveyance of merchantable pine timber.

The Tremont Company acquired a title to the hardwood timber, and the plaintiff's loss was the value of the timber acquired by said company. Two expert witnesses for plaintiff estimated that 398,000 feet had been cut by the Tremont Company. Puffer's estimate of ties cut by him for the same company was 448,000 feet. The judge below adopted the last estimate, and fixed the value of the timber at $4 per 1,000 feet. We cannot say from the record that these findings are contrary to the preponderance of the evidence.

Prescription began to run from the date knowledge of the damage was received by plaintiffs. Little or none of the timber was taken from the land before the year immediately preceding the institution of this suit. The plea of prescription was properly overruled. See Act 33 of 1902, p. 41; Bank v. Jeansonne, 120 La. 393, 45 South. 367.

It is therefore ordered that the judgment below be affirmed, and that the appellant pay the costs of this appeal.

O'NIELL, J., concurs in the opinion and decree in so far as it awards damages to the intervener, but is of the opinion that the damages arise from the violation of a contract, and that the amount should be increased to $3,706, to include the standing timber, taking the average estimate of 926,500 feet, standing and felled.