For the reasons stated, the verdict and sentence are affirmed.

———

(115 So. 495)

No. 28560.

AIKEN et al. v. E. SONDHEIMER CO.

Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

1. **Limitation of actions** ☞95(1)—**Prescription; action for trespass for cutting timber was not prescribed where petition showed plaintiffs without knowledge thereof one year before suit (Civ. Code art. 3536, and art. 3537, as amended by Act No. 33 of 1902).**

Where plantation sold in 1919 and reconveyed in 1923, suit by original grantor and grantees for grantor's use for damages for cutting and destruction of timber in 1918 and 1920 was not prescribed by one-year limitation of Civ. Code art. 3536, and article 3537, as amended by Act No. 33 of 1902, where plaintiffs on account of erroneous surveys did not acquire knowledge of trespass until July 21, 1925;

clause in deed of reconveyance subrogating grantees to grantor's rights to sue for timber removed during grantor's ownership being inserted to transfer claim therefor to grantees to secure them right to sue, and was not indication of knowledge that timber had been removed prior thereto.

2. **Vendor and purchaser** ☞219—**Sales; petition stated cause of action for unauthorized cutting of timber, where grantees sued also for grantor's benefit for timber cut prior to deed.**

Where plantation was transferred in 1919, and grantees retransferred to grantor in 1923, petition for trespass for illegally cutting timber on land prior to original deed and during grantees' ownership *held* to state cause of action for unauthorized cutting, since grantees sued also for grantor's benefit for timber cut prior to original deed.

3. **Vendor and purchaser** ☞218—**Sales; claim for timber cut on land does not pass by sale of land and appurtenances, but must be transferred.**

A claim for timber cut on land does not pass by sale of land and its appurtenances, but must be transferred itself as any other claim due vendor.

Appeal from Sixth Judicial District Court, Parish of Madison; F. X. Randell, Judge.

Action by Charles C. Aiken and others against the E. Sondheimer Company. From a judgment for defendant, plaintiffs appeal. Judgment set aside, and case remanded.

John B. Stone and W. M. Murphy, both of Tallulah, for appellants.

Snyder & Sevier, of Tallulah, for appellee.

OVERTON, J. [1] This case comes before us by appeal from a judgment sustaining an exception of no right or cause of action and a plea of prescription of one year. The suit was instituted by Charles C. Aiken, Carl T. Jacobs, and Ethelbert B. Nelson, the two latter suing for the use and benefit of Aiken, and is for damages for the cutting, removal, and destruction of timber. The suit was filed and citation served in June, 1926, and is based upon allegations showing that on February 11, 1918, and for many years prior thereto,

Charles C. Aiken, one of the plaintiffs, was the owner of Nevada plantation, a part of which consists of woodland; that on that date Aiken sold the plantation to Carl T. Jacobs and Ethelbert B. Nelson, partly for cash and partly on terms of credit; that on December 23, 1923, the plantation was reconveyed by Jacobs and Nelson in settlement of the balance due Aiken on the purchase price, a certified copy of the act of conveyance being attached to and made part of the petition; that in the fall of the year 1918 defendant illegally cut and removed timber from the lands of the plantation, amounting to the sum of $1,454; and that in the year 1920 defendant illegally cut and destroyed timber on said lands and removed therefrom the timber not destroyed, amounting to $7,-433.59, making a sum total of $8,887.59, the amount sued for. The petition contains an allegation reading as follows:

"That petitioners, said Charles C. Aiken, Carl T. Jacobs, and Ethelbert B. Nelson were all misled by erroneous surveys and reports of civil engineers, and neither of petitioners knew until July 21, 1925, that the timber herein claimed for, or any of same, had been cut and removed from the lands of said plantation."

The deed signed by Jacobs and Nelson, reconveying the plantation to Aiken, a copy of which is attached to the petition, contains a clause reading as follows:

"To have and to hold the aforesaid property (meaning the plantation) unto said Charles C. Aiken, and to his heirs and assigns forever, with full subrogation to said Charles C. Aiken of all of appearers' rights and causes of action (referring to such belonging to Jacobs and Nelson) for or by reason of any timber that may have been cut and removed from said property during grantors' ownership of same, without the knowledge or consent of grantors."

The deed reconveying the plantation to plaintiff was signed in December, 1923, and the suit was not filed until June, 1926. The exception of no cause of action and the plea of prescription were tried on the face of the petition and the documents thereto attached, the former necessarily so.

The law provides that actions for offenses and quasi offenses prescribe in one year. C. C. art. 3536. The law also provides that this prescription, as relates to the cutting, damage, or destruction of timber, runs from the date that the owner received knowledge of the damage. C. C. art. 3537, as amended by Act 33 of 1902; National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234.

The contention of defendant is that the clause quoted above, subrogating Aiken to all the rights and causes of action of Jacobs and Nelson to any timber that may have been cut on the land and removed therefrom, while they owned it, shows that each of the three named had knowledge of the trespass at the time the deed containing the clause was signed. While the clause may be said to be one not generally found in sales, even of timbered lands, yet it, or something akin to it, is a necessary clause, where the intention is to transfer any such claim that might exist. What plaintiff wanted, in having the clause inserted, was the right to sue any one who may have so trespassed on the land while Jacobs and Nelson owned it, and the clause was evidently inserted to transfer any such claim to Aiken, if it existed, to secure him that right. It does not follow from the clause that Aiken, Jacobs, or Nelson had any knowledge of the trespass, or of facts sufficient to put them on inquiry, which, if pursued, would have led to knowledge. So far as appears from the clause, Aiken and his vendees may or may not have had such knowledge. The uncertainty as to their knowledge, suggested by the clause, we think is overcome by the express allegation, in their petition, showing that they did not acquire knowledge until July 21, 1925, and that the reason why they did not was because they were misled by erroneous surveys and reports of civil engineers. We think this allegation sufficient to

show that knowledge was not acquired until that date, and hence that the claim is not prescribed, as suit was brought within a year from that date.

[2] As relates to the exception of no cause of action, the contention of defendant seems to be that, as the sale of the plantation was made to Jacobs and Nelson in January, 1919, and as the timber, on which the claim of $1,-454 is based was cut in 1918, when Aiken was the owner of the property, the claim for it passed to Jacobs and Nelson with the land, and that it does not appear that the claim was retransferred to Aiken. While the petition upon its face shows that all the timber was cut while Jacobs and Nelson owned the land, yet the deed to them, attached to the petition, shows that the sale was not made until January, 1919, which was after that part of the timber, forming the basis for the demand of $1,454, was cut.

[3] The date of the sale of the plantation, as shown by the deed attached to the petition, controls, and corrects the erroneous date alleged. However, it may be observed that Jacobs and Nelson are also suing for the value of the timber for the use and benefit of Aiken. This of itself should be sufficient to dispose of the point here raised. Moreover, it may be observed that a claim for timber, cut on land, does not pass by a sale of the land and its appurtenances, but in order to pass must be transferred itself, as much so as any other claim due the vendor of the land, for the claim is not a part of the land or an appurtenance thereof, but is the personal property of the vendor. The petition clearly shows a cause of action, not only as to the trespass committed in 1918, but also as to that committed in 1920.

On the trial of the case, the evidence may show that plaintiffs' demands are prescribed. For this reason defendant should be given an opportunity to reurge the prescription of one year on the trial.

For these reasons the judgment appealed from is annulled and set aside, and the exception of no cause of action and the plea of prescription are overruled, and the case is remanded, reserving to defendant the right to reurge the plea of prescription of one year on the trial of the case; the costs of this appeal to be paid by defendant and those of the lower court to remain in abeyance until the final termination of the case.