## ARKANSAS FUEL OIL CO. v. WILLIAMS.
### No. 5692.

Court of Appeal of Louisiana. Second Circuit.

April 29, 1938.

Rehearing Denied June 1, 1938.

Blanchard, Goldstein, Walker & O'Quin, Robert Roberts, Jr., and George Conger, all of Shreveport, for appellant.

Goff & Goff, of Arcadia, for appellee.

TALIAFERRO, Judge.

This suit is a sequence to that decided by this court on May 2, 1935, reported in Louisiana Oil Refining Corporation v. Williams, 160 So. 811. The former case was a concursus proceeding provoked by the Louisiana Oil Refining Corporation, to whose property and assets the present plaintiff has succeeded, and against the present defendant, the partnership of Dawson & Winn et als. The principal issue tendered and passed upon in that proceeding was whether or not an account due to the Louisiana Oil Refining Corporation by Dawson & Winn, sub-contractors of defendant, Wilson H. Williams, had been paid and settled, in keeping with an alleged prior agreement, by the delivery to said corporation by said partnership of a certificate of indebtedness of the Louisiana Highway Commission, hereinafter referred to as "scrip", for the sum of $588.02. We held that the account had thus been extinguished.

As appears from the recital of facts in the decided case, the scrip was issued and delivered to Williams as a payment or credit against an amount due him by the Highway Commission for road construction work. Williams endorsed it "without recourse" and handed it to Dawson & Winn, presumably as a credit against the amount due them by him for road work. This firm then sent the scrip to the Louisiana Oil Refining Corporation, at Shreveport, for the purpose of having the amount thereof credited on the account with that corporation, subsequently sued on. It was held by that corporation for some three months and was then returned by it to Williams, accompanied by a letter reading as follows:

"We return herewith Louisiana Highway scrip No. 522-1 in the amount of $588.02.

"We are unable to accept this scrip as collateral or to hold it in any way for the reason that the scrip is endorsed without recourse. It is returned to you for your disposition."

Williams did not return the scrip to the oil corporation nor to Dawson & Winn, so far as the record discloses.

The present suit was instituted to recover judgment against Williams for the face amount of the scrip, plus interest.

The tortuous history of the embattled scrip, the findings of fact and conclusions of law arrived at by this court, disclosed in our former opinion, are fully set out in the petition. It is additionally alleged that when the scrip was delivered to said Williams by the said oil corporation, that

corporation was not indebted or obligated unto him to any extent or in any manner, and that the scrip was sent to him through error and mistake arising out of and resulting from the state of facts, acts and circumstances hereinabove related or referred to.

Plaintiff additionally alleges:

"Petitioner further shows that upon the receipt by the Louisiana Oil Refining Corporation of said Louisiana Highway Commission certificate No. 522-1 from Dawson & Winn, and prior to the institution of the above mentioned suit, said Louisiana Oil Refining Corporation in the honest belief that it was not entitled to retain said certificate, did on or about July 1, 1932, as hereinbefore alleged, deliver said certificate to Wilson H. Williams, who with the knowledge that he was not entitled to receive said certificate and with the further knowledge that no obligation of any nature whatever was due him by the Louisiana Oil Refining Corporation, did so receive and has since that time retained said certificate and has refused to either return the certificate so delivered to him or to pay unto Louisiana Oil Refining Corporation or its successor the face value of the certificate or the return thereof to Louisiana Oil Refining Corporation and its successor. By virtue thereof and for the reasons herein stated, said Wilson H. Williams is legally obligated to return to petitioner the certificate so described above, or to pay to petitioner the face value of said certificate, together with interest and cost, as aforestated."

It is also alleged that at the time the said scrip was delivered back to Williams, it was worth its face value and has retained that value to the present time.

Plaintiff does not pray that the scrip be ordered restored to it, if possible for defendant to do so, and for money judgment for its face value, should he fail or be unable to comply with such a decree, but prays primarily for judgment for the face of the certificate plus interest.

An exception of no right and no cause of action was filed by defendant, which was sustained and plaintiff prosecutes this appeal.

Plaintiff's action, it is argued, is founded upon those articles of the Civil Code pertaining to "Quasi Contracts" and "Of the Payment of a Thing Not Due", of which we quote the following:

"He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it." Article 2301.

"To acquire this right, it is necessary that the thing paid be not due in any manner, either civilly or naturally. A natural obligation to pay will be sufficient to prevent the recovery." Article 2303.

"If there be any want of good faith on the part of him who has received, he is bound to restore not only the capital, but also the interest from the day of payment." Article 2311.

Article 2133 of the Civil Code is also germane:

"Every payment presupposes a debt; what has been paid without having been due, is subject to be reclaimed.

"That can not be reclaimed that has been voluntarily given in discharge of a natural obligation."

As well as Article 18 of the Code of Practice:

"He who pays through error what he does not owe, has an action for the repetition of what he has thus paid, unless there was a natural obligation to make such payment; but he must prove that he paid through error, otherwise it shall be presumed that he intended to give."

The underlying philosophy of all of the equitable as well as legal principles announced in these articles is that no one should be allowed to enrich himself at the expense of another. It is natural law that one who has paid money to or delivered a thing of value to one not entitled to receive it, acts through error or mistake and there arises from such transactions the right to invoke judicial aid to recover back the money thus paid or the res delivered, if the receiver is in a position to do so. If the res cannot be restored, then its value is recoverable. This is expressly recognized and provided for in Article 2301 of the Civil Code and Article 18 of the Code of Practice, quoted above. And Article 2311 of the Civil Code provides the penalty that may be inflicted upon a receiver in bad faith. All persons who receive that which they know they are not entitled to, are not in good faith. Such a one simply receives and holds that which is owned by another.

In Drainage Commission of New Orleans v. National Contracting Company of

130

New York et al., C.C., 136 F. 780, 782, Judge Parlange delivers himself of a highly illuminating dissertation on the above quoted articles, and of the well recognized right of repetition warranted thereunder. He says therein:

"This action is not an innovation of the Louisiana Civil Code, but was taken from the Code Napoleon, article 1376 et seq., and article 1235. It is treated of at length by Pothier, vol. 4, p. 129 (Paris Ed. of 1835), and is the action condictio indebiti of the Roman law, founded, as Pothier, the Roman jurisconsults, and the French commentators tell us, on the maxim of Roman jurisprudence, which has been made a textual provision of the Louisiana Civil Code (article 1965 [1960]), 'that no one ought to enrich himself at the expense of another.' See Demolombe (Paris Ed.1882) vol. 8, p. 199. The action is not confined to money received under any particular contract. Its rationale required that it should be made to apply to moneys paid in any transaction. As the matter is one of pure Louisiana law, it would be idle to inquire whether such an action would not lie as well in the other states. But it may be confidently asserted that no system of law can be logical, adequate, and complete without such an action in such a case as this. If there be jurisdictions where a lacuna in the law exists in this respect, the reproach cannot be applied to the Louisiana law, which has provided the remedy as old as the Roman law."

See, also, Massias v. Gasquet, 4 Rob. 137.

■ Four points are advanced and argued in support of the exception:

1. That it is not alleged that the scrip was delivered to defendant by plaintiff's predecessor in the belief that it was his debtor; nor are facts alleged which disclose that delivery of the scrip was that of a "thing not due", within the meaning of the above quoted articles;

2. That the petition is destitute of allegations of fact substantiating the contention that said delivery was made through error;

3. That the facts of the case, including those found by this court heretofore, disclose that the scrip was not delivered to defendant in error, but in furtherance of the purpose on the part of the Louisiana Oil Refining Corporation to avoid responsibility under its agreement with Dawson & Winn, discussed supra; and

4. That plaintiff, in any event, cannot recover the full amount of the scrip until and unless it is definitely shown that defendant cannot restore same to it because of the lack of possession thereof, or for other good causes.

We are advised by defendant's brief that the exception was sustained on this 4th point. We are not disposed to dissent from the conclusions of the lower court in this respect.

Plaintiff's allegations (Article 5) indicate that it was his intention (1) to pray for judgment recognizing his ownership of the scrip and ordering Williams to deliver it to him; and (2) in the event of his inability to do so, that he recover judgment for the full amount of the scrip. However, evidently through inadvertence of counsel, money judgment only is prayed for.

As regards the other points urged in behalf of the exception, these may best be threshed out on the merits, to which they are largely addressed; and in passing, we do say that on the face of the record, it convincingly appears that plaintiff is the owner of the scrip and that defendant, once its owner, parted with title thereto long ago; that the scrip was not "due" to defendant when he received it from plaintiff's predecessor.

Bearing in mind that the law "abhors a multiplicity" of suits, we have decided, because of this well established principle and in the furtherance of justice, to remand this case to the court a quo with leave to plaintiff to amend, in keeping with the views herein expressed; and it is so ordered.

The judgment is set aside.