In this suit the plaintiffs seek to recover from defendant damages alleged to have been caused by him to certain land of which plaintiffs claim the ownership.
The pertinent allegations of the plaintiffs' petition disclose that they claim ownership of a tract of land situated in Claiborne Parish, Louisiana, described as follows:
"A tract of land described, as commencing at the North West corner Section 22, Township 21 North, Range 8 West, and run East along section line between Sections 15 and 22 to the Germantown and Haynesville road, then run South along said road to where it crosses the old Brantly and Grigsby road, then run West down said Brantly and Grigsby road to the First branch, thence down said branch in a South West direction to where said branch empties into Buck Creek, then run West to Section line between Sections 21 and 22, then along said Section line North to starting point, and other lands not necessary to describe."; that defendant is the record owner of land lying south and adjoining the above described property; that he has taken possession of some of plaintiffs' property through his action in damming the branch constituting a boundary between the property of plaintiffs and defendant, thereby causing the accumulation of a pond of water, resulting in covering a portion of plaintiffs' property; that he has dug a ditch upon plaintiffs' land, used dirt to erect the dam on his property; that he has attempted to change the boundary line between his property and that of plaintiffs by altering the course of the branch that was fixed as the boundary in accordance with the description above set forth, and, through this means, has taken possession of and cultivated a number of acres of land belonging to plaintiffs.
As a result of the alleged actions of defendant, plaintiffs claimed varying sums as damages caused by the erection of the dam, for the value of land taken, for the rent of land, and for damages to the tract alleged to have been taken and cultivated by the defendant.
In accordance with judgment partially sustaining exceptions of vagueness and a motion to elect, filed on behalf of defendant, plaintiffs amended their original petition by dismissing their claims for the value of the land and basing them upon the allegation of damages caused to the land by the cultivation and use of same for many years by the defendant. Plaintiffs also alleged in their amended petition that they first discovered the erection of the dam across the branch in July of 1942, and the use of the other tracts of land in dispute in January, 1943. Plaintiffs' petition was filed April 14, 1943.
Defendant answered by a general denial and special plea of the prescription of one year against plaintiffs' claims for damages.
Upon trial there was judgment in favor of plaintiffs in the sum of $87 for the use of 2.9 acres of land for 3 years, and defendant's plea of prescription of one year against the claim for damages was sustained. From this judgment, defendant appeals.
Examination of the record shows that plaintiffs' action is concerned with claims under two separate and distinct heads, and, in the interest of brevity and clarity, we will discuss these claims separately.
Plaintiffs' principal claim against defendant is based upon the allegation that defendant diverted the point of entry of the branch, which was established as the boundary between the properties, into Buck Creek to a point several hundred feet north of its true location. This claim, if substantiated, would result in a property loss to plaintiffs of a small tract of land on the east side of Buck Creek, and another small tract on the west side, since the description of boundary called for the continuation of the line from Buck Creek west to the section line.
It is evident from the judgment below that our brother of the District Court accepted *Page 667 
this claim of plaintiffs as having been established, and, accordingly, gave judgment in their favor, which judgment included the allowance of claims for the use of 2.4 acres of land, which he found to be the extent of property involved at this particular point.
Examination of the several title documents in the record convinces us, beyond any question of doubt, that both plaintiffs' claims and the judgment of the District Court are predicated upon a false premise. In fact, our examination establishes the fact that by far the greater part of the testimony in the record is based upon an error of fact which seems to have been shared by everyone involved in this litigation.
Plaintiffs' petition sets up claim to the ownership of a certain tract of land, which description is quoted in full above. With respect to the southern boundary of the tract, we quote again the pertinent portion thereof as follows:
"* * * to where said branch empties into Buck Creek."
The property claimed to be owned by plaintiffs was acquired by their ancestor in title, C.I. Bonnet, in 1886, and the original instrument, introduced in evidence in this case, contains the following description:
"* * * following said branch in a southwest direction nearwhere it empties into Buck Creek. * * *"
The above description as contained in the instrument of 1886 is followed in all the instruments filed in evidence in this case in connection with plaintiffs' chain of title.
It is obvious that no court would be justified in this action in deciding on the basis of the testimony and evidence in the record what point was intended by the words "near where" a particular branch emptied into a certain creek. In the light of this fact, none of the efforts to fix the point of junction of the branch with Buck Creek would be of assistance, since, even if we admit arguendo that such a point had been accurately established in any one place, determination of "near" such a point would still remain in question.
It is to be observed in connection with plaintiffs' claims that their pleadings do not allege possession of the tract in question, but simply ownership, yet, since the action is one for damages resulting from torts of the defendant, the action cannot be considered petitory in nature, and, therefore, the question of ownership is not at issue.
We can only conclude that, since plaintiffs' efforts were devoted to the establishment of the junction of a branch with Buck Creek, and not with the actual point as given in the boundary description, their conclusions have been based upon a palpable error of fact. Likewise, it seems apparent that this same error was shared with plaintiffs and plaintiffs' counsel, by defendant, defendant's counsel and the Court.
Plaintiffs' second claim for damages is based upon the use of a portion of plaintiffs' land at a point north of the branch constituting the southern boundary by the defendant as a pond for impounding water. The amount of land actually in use for this purpose, according to the testimony and to the judgment of the Court, was approximately five-tenths of an acre. If the plaintiffs had discovered this unwarranted use of their property by the defendant only in July, 1942, some nine months prior to the filing of this suit, undoubtedly, they would have had ground for recovery. However, the facts established on trial of the case do not bear out this claim. There can be no question but that the pond was constructed prior to 1941, and its existence in 1941 was known to some of the plaintiffs at that time. By the well settled jurisprudence of this State the burden of proof is upon one against whom prescription is pleaded to show when he obtained knowledge of the trespass. Of course, it is required in order to defeat the plea of prescription under Article 3537 of the Civil Code that definite proof be made that knowledge of the trespass was obtained within the year preceding the suit. The plaintiffs have failed to sustain this burden, and, in fact, the testimony in the record preponderates strongly to the effect that plaintiffs were cognizant of the existence of the pond for much more than one year prior to the filing of this action.
In brief, plaintiffs' counsel makes the following statement:
"When he (defendant) erected the dam that caused the water to accumulate, he trespassed upon plaintiffs' property and should have to pay for his trespass." *Page 668 
We quite agree with the conclusion of learned counsel for plaintiffs that if the defendant constructed a dam across the branch forming the boundary between his property and that of plaintiffs, he unquestionably trespassed upon the property of plaintiffs, and was responsible for damages caused thereby. But, since this trespass is definitely prescribed by the lapse of one year from acquisition of knowledge on the part of plaintiffs, since the plea of one-year prescription has been specially made on behalf of defendant, and since knowledge unquestionably was acquired more than one year prior to the filing of this suit, we are definitely of the opinion that the plea of prescription should have been sustained.
For the reasons assigned, the judgment appealed from is reversed, and there is now judgment in favor of the defendant rejecting plaintiffs' demands, together with all costs of both Courts.