141 So.2d 155 (1962)
Fred M. SCHOUEST et al.
v.
TEXAS CRUDE OIL CO. et al.
No. 5285.
Court of Appeal of Louisiana, First Circuit.
March 7, 1962.
Rehearing Denied April 9, 1962.
Certiorari Denied May 24, 1962.
*156 John D. Lambert, Jr., New Orleans, for appellant.
Chaffe, McCall, Phillips, Burke & Hopkins, by E. Harold Saer, Jr., Milling, Saal, Saunders, Benson & Woodward, New Orleans for appellee.
Before LOTTINGER, LANDRY and REID, JJ.
LANDRY, Judge.
Plaintiff-appellants, Fred M. Schouest and Abel L. Schouest, instituted this action against Texas Crude Oil Company, and others, praying for judgment ordering said defendants to fill a certain barge canal dredged across plaintiffs' adjoining estates by defendants without plaintiffs' authorization or permission. The trial court sustained defendants' plea of one year prescription and dismissed plaintiffs' suit, hence this appeal.
This present action was instituted July 2, 1957, by petition in which plaintiffs allege that on or about May 20, 1955, defendants dredged a canal approximately 60 feet wide and 7 feet deep a distance of 106 feet 7 inches across plaintiff's adjoining estates without the prior consent, permission or authorization of plaintiffs. It is further alleged the canal in question is situated to the rear of plaintiffs' properties being located an estimated 600 feet from plaintiffs' rear property line. The petition further relates that by so doing defendants have assumed a contractual or quasi contractual obligation toward plaintiffs to fill said canal. The relief prayed for is that defendants be ordered to remove the canal by filling the excavation and restoring plaintiffs' property to their former condition or pay plaintiffs the sum of $21,000.00 alleged to be the cost of such restorative work.
Defendants responded to the demand by way of exceptions of no cause and no right of action and pleas of prescription of one year under the general tort law which said pleas and exceptions were referred to the merits by the trial court. In answer to plaintiff's demands, defendants admitted having cut a canal across plaintiffs' lands but denied all other allegations of plaintiffs' petition and reurged their pleas of one year prescription in bar of plaintiff's action which defendants characterize as an action ex delicto. After trial on the merits the lower court sustained defendants' pleas of prescription and dismissed plaintiffs' suit.
Pending this appeal plaintiff, Abel L. Schouest, died December 1, 1961. By proper *157 motion filed in this Court his widow, Violet Duet Schouest, and his children and heirs at law, Wesley Joseph Schouest and Johnny Schouest, have been duly substituted and made parties plaintiff herein in his place and stead.
Admittedly, plaintiffs' entire case is predicated on the theory that the demands herein asserted are founded solely on quasi contract within the definition of the term quasi contract found in Articles 2293 and 2294, LSA-C.C. and the obligation imposed by LSA-C.C., art. 2301 on defendants to restore that which defendants have unjustly received. Based on the foregoing premise counsel for plaintiffs argues that the ten year prescriptive period provided for in Article 3544, LSA-C.C. governs plaintiffs' rights herein.
A clearer understanding of plaintiffs' position will be afforded by setting forth the following appearing in plaintiffs' brief filed before this Court:
"Petitioners do not seek nor do they pray to be compensated for the injuries they have received as a result of the digging of the canal or of its constant use by defendants. Petitioners seek to have this court find that the defendants dug the canal in question, that by said digging or excavating they incurred a quasi contractual obligation and that they are bound to place plaintiffs' property in the same or similar status and condition it was prior to the digging.
"Thus it should be emphatically noted here that first and foremost, plaintiffs seek to have the defendants do a specific thing, namely, to fill in the canal which they dug without authority or consentan act which the defendants themselves admit. In the alternative only do they ask for the costs of filling in the canal, assuming either that the defendants refuse to do so or that they be unable to do so.
"Is this a plea to be compensated for damages sustained ex-delicto? Plaintiffs request first, not money, but that the defendants perform a specific, act, (sic) and then alternatively, the cost plaintiffs would incur to do that which defendants should do."
On this appeal learned counsel for plaintiff makes two contentions: (1) the trial court improperly considered the suit as an action ex delicto rather than quasi contractual, and (2) alternatively, if the action be deemed in tort the trial court erroneously sustained defendants' plea of one year's prescription under Article 3537, LSA-C.C. In this latter regard it is the position of plaintiffs that defendants having plead prescription bear the burden of proving plaintiffs possessed knowledge of the trespass more than one year prior to plaintiffs' institution of suit.
Defendants maintain the trial court correctly found the suit to be based ex delicto in tort rather than upon the equitable doctrine of quasi contract and properly applied the prescriptive period of one year set forth in LSA-C.C., art. 3537. In addition defendants contend that since the action is in tort and the petition shows on its face that the trespass sued upon transpired more than one year prior to filing suit, the burden is incumbent upon plaintiffs to allege and prove facts which negate the prescription which is presumed to have run.
From the foregoing it will be observed that whereas plaintiffs' petition recites an unauthorized invasion of and trespass upon their respective properties by defendants who admit their trespassing thereon and dredging a canal across the width thereof without plaintiffs' permission, authorization or consent, plaintiffs nevertheless do not pray for damages to their said property but for relief in the form of a judgment ordering defendant to refill the canal and restore the properties to their former condition.
LSA-C.C. Articles 2293, 2294 and 2301, cited and relied upon by appellants read as follows:
"Art. 2293. Quasi contracts are the lawful and purely voluntary act of a *158 man, from which there results any obligation whatever to a third person, and sometimes a reciprocal obligation between the parties."
"Art. 2294. All acts, from which there results an obligation without any agreement, in the manner expressed in the preceding article, form quasi contracts. But there are two principal kinds which give rise to them, to wit: The transaction of another's business, and the payment of a thing not due."
"Art. 2301. He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it."
Collectively, the foregoing codal provisions set forth the law of this state with regard to rights and obligations founded on the theory of quasi contract and the equitable principle that "no one ought to enrich himself at the expense of another". The prescriptive period governing actions of this nature is set at 10 years by virtue of LSA-C.C., art. 3544.
The general tort law relied upon by defendants is contained in LSA-C.C., art. 2315, the applicable portion of which states:
"Art. 2315. Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; * * *"
The prescriptive period of one year invoked by defendants herein is set forth in LSA-C.C. Articles 3536 and 3537, which, inter alia, provide:
"Art. 3536. The following actions are also prescribed by one year: That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses * * *."
"Art. 3537. The prescription mentioned in the preceding article runs: * * *
"And where land, timber or property has been injured, cut, damaged or destroyed from the date knowledge of such damage is received by the owner thereof."
Unquestionably the jurisprudence of this state is settled to the effect that a single act may give rise to a claim ex delicto as well as quasi contractual in which event the aggrieved party may elect to proceed against the transgressor accordingly as he chooses. The injured party, in such instances, may either sue in tort for damages or under quasi contract for the broader remedies recognized thereunder. Loew's Incorporated v. Don George, Inc., 237 La. 132, 110 So.2d 553; Whitten v. Monkhouse, La.App., 29 So.2d 800 (amended on other issues, 213 La. 651, 35 So.2d 418); Kramer v. Freeman, 198 La. 244, 3 So.2d 609.
Conceding plaintiffs' right of election it remains to be seen whether the conduct attributed to defendants in the case at bar is of such nature as to give rise to an action in quasi contract as well as ex delicto thereby affording plaintiffs the privilege of election of remedies.
In support of the contention the demand herein is founded on quasi contract, learned counsel for plaintiffs cites and relies upon the following authorities: Kramer v. Freeman, 198 La. 244, 3 So.2d 609; Tyler v. Walt, 184 La. 659, 167 So. 182; Leurey v. Bank of Baton Rouge, 131 La. 30, 58 So. 1022; Arkansas Fuel Oil Co. v. Williams, La.App., 183 So. 128; Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574. Most of the cited decisions deal with situations involving tangible personal property taken by the defendant knowingly or in error resulting in suit to recover the object itself or the value thereof in the event of the transgressor's inability to return the thing appropriated. For example, in Kramer v. Freeman, supra, plaintiff sought the return of jewelry; Tyler v. Walt was an action in which the recovery of bonds was the subject matter of the suit; Leurey v. *159 Bank of Baton Rouge was concerned with a demand for the return of stock; Arkansas Fuel Oil Co. v. Williams was an action to regain certain script and in Importsales v. Lindeman the prayer was for the restoration of certain merchandise.
Standard Oil Co. v. Sugar Products Co., 160 La. 763, 107 So. 566; Broussard v. Friedman, La.App., 40 So.2d 669 and Arkansas Fuel Oil Co. v. Williams, La.App., 183 So. 128, relied upon by plaintiffs in support of the contention defendant is obligated to restore their property to its former condition under the unjust enrichment theory of Article 2301, each appear to deal with a situation in which a legal or contractual relationship existed between plaintiff and defendant. Thus in the Standard Oil Company case, supra, it appears that a contractual relationship existed between the parties and plaintiff therein sued to recover for fuel oil obtained by defendant by misrepresentation. In the Broussard case plaintiff sought recovery of the value of certain junk taken by defendant over and beyond that sold defendant by plaintiff. The Arkansas Fuel Oil Co. v. Williams case was an action to recover the value of script endorsed by a debtor and given to a creditor in payment of a debt but subsequently returned to and appropriated by the debtor.
In the fairly recent case of Loew's Incorporated v. Don George, Inc., 237 La. 132, 110 So.2d 553, 559, the Supreme Court differentiated between actions ex delicto and quasi contractual as follows:
"In City of New Orleans v. Southern Bank, 31 La.Ann. 560, 567, we held:
"`The distinction between damages ex delicto and ex contractu is, that the latter ensue from the breach of a special obligation, and the former from the violation of a general duty. * * *'
"In Knoop v. Blaffer, 39 La.Ann. 23, 6 So. 9, 11, the above case was construed in the following language:
"* * * In City of New Orleans v. Southern Bank, 31 La.Ann. 566, the court said: `The marked distinction between a quasi contract and an offense or quasi offense is that the act which gives rise to a quasi contract is a lawful act, and therefore is permitted; while the act which gives rise to an offense or quasi offense is unlawful, and therefore is forbidden. * * *'
See, also, 12 Am.Jur., `Contracts,' Sec. 6, p. 502."
As heretofore applied by the appellate courts of this state the doctrine of quasi contractual liability appears predicated upon either one of a combination of the two following circumstances: (1) An action in which the return of tangible personal property is the object of the suit, and (2) An action in which some special obligation is found to exist between the parties by virtue of a legal or contractual relationship between them under the circumstances shown.
Notwithstanding the foregoing, we have been cited no decision and our own research has failed to disclose any precedent wherein the doctrine of quasi contract and unjust enrichment has been applied with respect to an action to recover for a trespass upon or damage to real or immovable property. On the contrary, the cases in our jurisprudence are literally legion to the effect that actions to recover damages for trespass to property and the consequent unauthorized damaging, cutting or removal of timber therefrom, are prescribed in one year under Article 3537, LSA-C.C. Among the innumerable decisions so holding we note: National Park Bank v. Concordia Land & Timber Company, 159 La. 86, 105 So. 234; Young v. International Paper Company, 179 La. 803, 155 So. 231; Rhodes v. International Paper Co., 174 La. 49, 139 So. 755; Aiken v. E. Sondheimer Co., 165 La. 299, 115 So. 495; Erwin v. Lee Lumber Co., 163 La. 191, 111 So. 673; Martin v. Louisiana Central Lumber Co., 150 La. 157, 90 So. 553; Louisiana Stave Co. v. South *160 Arkansas Lumber Co., 135 La. 232, 65 So. 226. It has also been held that a claim based on trespass to land by erection of a pond for impounding water is barred by the prescription of one year. Lay v. Garriga, La.App., 19 So.2d 665.
The rationale of the codal articles and jurisprudence governing the right to an action in quasi contract (which includes the right to demand the return of the thing or the value thereof) is prevention of the unjust enrichment which would otherwise accrue in favor of a transgressor by virtue of his receipt and permanent retention of a thing of value belonging to the aggrieved party. Obviously one should not be permitted to retain and keep an object belonging to another and enjoy the continuous use and benefits to the detriment and deprivation of the lawful owner. Under such circumstances where the object received and retained is capable of restoration equity demands its return or, in the event of its loss or destruction, restitution of the value thereof. On the other hand, however, under the general tort law where the action of a tort-feasor merely causes damage to the property of another, (real or personal), unaccompanied by an appropriation and retention thereof for the exclusive use, benefit and enjoyment of the tortfeasor, the remedy of the injured party is limited and restricted to recovery of damages occasioned by the tortious act.
It will be recalled that the petition herein does not allege that defendants received or appropriated to their own use any property belonging to plaintiffs but merely that defendants dug or caused a canal to be dug across plaintiff's lands without plaintiffs' authorization or consent. The petition does allege that defendants have reaped financial benefit from their unauthorized use of the canal but does not assert that defendants have appropriated same entirely to their own use and enjoyment to the exclusion of plaintiffs as the lawful owners thereof. The petition neither alleges nor does the evidence show that by retaining possession of property belonging to plaintiffs, defendants have unjustly enriched themselves. The financial benefit accruing from the unauthorized use of plaintiffs' properties by defendants herein appears no greater than that reaped by the trespasser who enters upon the land of another and removes timber therefrom. Indeed, in the latter case the loss to the owner appears more substantial. Despite the adroitness of counsel for plaintiffs in drafting the petition filed herein, the present action is basically one in which "land * * * has been injured, cut, damaged or destroyed" and by the specific and express terms of LSA-C.C. art. 3537 an action to obtain relief, redress, remuneration or compensation in any form as a result thereof, prescribes within a period of one year. In short, the action can only be in trespass for damages ex delicto.
We readily concede the ingenuity displayed by most able counsel in the pleadings and argument filed and presented on behalf of plaintiffs herein. By refraining from praying for damages and by expressly requesting relief in the form of judgment ordering defendants to fill the canal, illustrous counsel has sought to characterize the action as one in quasi contract thereby avoiding the effect of the rule of one year's prescription applicable in matters ex delicto. In this connection learned counsel relies upon the well recognized principle that the allegations and prayer of a plaintiff's petition determines the nature of the action and the prescription applicable thereto. The foregoing principle is firmly established by the following authorities, inter alia: Loew's Incorporated v. Don George, Inc., 237 La. 132, 110 So.2d 553; Antoine v. Franichevich, 184 La. 612, 167 So. 98; Shepard Realty Co. v. United Shoe Stores Co., 193 La. 211, 190 So. 383. By meticulous choice of language esteemed counsel has sought to clothe plaintiffs' action with a character unsubstantiated by the allegations of fact contained in the petition.
For reasons which should be obvious, the rule that the allegations and prayer in a petition govern the nature of the action *161 asserted is not without limitation. Manifestly the principle is without application when a petition shows on its face an absence of factual allegations necessary to support the type of relief requested. To hold otherwise is to completely destroy all substantive law. To illustrate, in the case at bar plaintiffs' allegations of fact are confined to the averment that defendants dug a canal across plaintiffs' properties without plaintiffs' consent and defendants benefited from the use thereof. No further facts are alleged by plaintiffs. The petition is devoid of allegations to the effect that defendants took, received or appropriated any property belonging to plaintiffs and retained same to the benefit of defendants and detriment of plaintiffs. While it is true the petition further alleges that by cutting the canal defendants thereby assumed a contractual or quasi contractual obligation toward plaintiffs to fill the excavation, such latter allegation is patently a conclusion of law rather than an averment of fact. Whether or not the act complained of gives rise to the relief sought is obviously not an issue of fact but a conclusion of law. The courts are not obligated to ascribe to an action the nature or character indicated by the prayer of a plaintiff's petition when the relief requested is unsupported by factual allegations establishing plaintiff's legal entitlement to the remedy sought. A petition containing a prayer for relief unsupported by allegations of facts necessary to give rise to the redress claimed, states no cause of action. In the instant case, however, plaintiffs' alternative prayer for money judgment renders the petition immune from attack on the ground it fails to state a cause of action. The principal demand herein is not for a money judgment but for the return of plaintiffs' property. The relief herein sought is not available to plaintiffs for the reason no circumstances are alleged or shown which give rise to plaintiffs' right to demand the return of an object and the correlative obligation on the part of defendants to restore same.
In essence and effect, therefore, plaintiffs have simply alleged a trespass to their propertiesnot a conversion thereof by defendants to the exclusion of plaintiffs. The petition does not charge defendants with taking, receiving and withholding property belonging to the plaintiffs but only with having dug a canal across plaintiffs' lands. In this regard the evidence shows that the dirt excavated by defendants was neither taken nor received by defendants, nor is it in the possession of defendants but rather was deposited upon plaintiffs' properties adjacent to the canal in question. Moreover, the record further shows that defendants are no longer using the canal in question having been enjoined from doing so by other legal action instituted by plaintiffs.
It follows that plaintiffs' petition states only a cause of action sounding in tort for damages resulting from an admitted trespass to real property which action is barred by the prescription of one year expressly provided for in such cases pursuant to Article 3537, LSA-C.C.
The law of this state is well established to the effect that the owner of property seeking recovery of damages for injury thereto (particularly where he had possession of the property on the occurrence of the injury) bears the burden of proof on the trial of a plea of prescription of one year to establish when the loss occurred or when he obtained knowledge of the trespass. In such instances it is incumbent upon the owner to prove either that the loss occurred or that he acquired knowledge thereof within a year of the filing of the suit. Merrimack Mutual Fire Insurance Co. v. Radalec, Inc., La.App., 126 So.2d 848; In re Union Cent. Life Ins. Co., 208 La. 253, 23 So.2d 63; Lay v. Garriga, La.App., 19 So.2d 665; Urania Lumber Co. v. Powers & Critchett Lumber Co., La.App., 166 So. 190.
Despite plaintiffs' allegation the trespass occurred May 20, 1955, there appears in the record (see Tr. page 36) a stipulation wherein counsel for defendants (without objection and apparently with the consent and approval of counsel for plaintiffs) *162 concedes the unauthorized entry upon plaintiffs' properties occurred in May, 1954. Moreover, on page 38 of the transcript, plaintiff Fred Schouest, upon direct examination acknowledged that the canal was cut across the rear of his lands at the time stipulated. The foregoing stipulation and testimony comprises the totality of evidence regarding the date of the trespass in question.
The finding of the trial court that plaintiffs acquired knowledge of the unauthorized entry more than one year prior to the filing of suit on July 2, 1957, is amply supported by the evidence of record herein. Although the burden of proof rested upon plaintiffs under the circumstances surrounding the case at bar, the evidence (while not specifically so showing) clearly preponderates in favor of the conclusion that whereas plaintiffs did not consent to the cutting of the canal they were, nevertheless, aware of its construction from the beginning. In this regard the evidence shows that both plaintiffs were cognizant of the drilling of certain oil wells on adjacent lands and that the canal in question was intended to provide access for materials and equipment necessary to the drilling thereof. It further appears that the rear of the properties were leased for trapping purposes and a portion thereof was at times suitable for grazing cattle. Both plaintiffs admitted making frequent inspection trips to the rear of their properties and posting signs thereon. Assuming, arguendo, plaintiffs did not have actual knowledge of the trespass from its inception, the facts of the instant case are sufficient to bring it under the rule of "constructive notice" obtaining in such cases. Under said rule whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of everything to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription. Mayer v. Ford, La.App., 12 So.2d 618; Young v. International Paper Co., 179 La. 803, 155 So. 231.
The property involved herein was open marsh land. No attempt was made by defendants to conceal the trespass nor was there any way by which they could have hidden the operation had they desired. The admittedly frequent inspection trips made by plaintiffs to the rear of their lands, under the circumstances shown is ample evidence on which to hold they possessed at least constructive knowledge of the trespass. The trial court correctly sustained defendants' pleas of prescription.
Judgment affirmed.