126 So.2d 848 (1961)
MERRIMACK MUTUAL FIRE INSURANCE COMPANY et al., Plaintiffs-Appellants,
v.
RADALEC, INC., et al., Defendants-Appellees.
No. 9376.
Court of Appeal of Louisiana, Second Circuit.
February 2, 1961.
*849 Mecom, Scott & Despot, Shreveport, for plaintiffs-appellants.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for defendants-appellees.
Before GLADNEY, AYRES and BOLIN, JJ.
AYRES, Judge.
Plaintiff Hoyt Weeks, as the owner of a house, and his insurer seek, by this action, to recover damages in the sum of $1,023.35, allegedly caused to the floors of said house by the negligent installation of an air-conditioning system whereby water was permitted to escape from the system and *850 seep under the floors which, by reason thereof, deteriorated, requiring their replacement.
Made defendants are Winford W. Gatlin, who, allegedly was the builder of the house, Radalec, Inc., which installed the air-conditioning system, and the latter's liability insurer. Radalec, Inc., and its insurer successfully urged, in the trial court, a plea of prescription of one year under the provisions of LSA-C.C. Art. 3536. From the judgment sustaining the plea and dismissing their suit, plaintiffs have appealed.
Plaintiffs contend that the plea of prescription applicable to action of this character is one of ten years in that this action is predicated upon a breach of contract. If the action were so founded, the contention would perhaps be well founded, as the character of an action may determine the prescription applicable thereto. If the action is purely one in tort, then it is prescribed in one year. LSA-C.C. Art. 3536. If, however, it is predicated on a breach of contract, it is only prescribed by ten years. American Heating & Plumb. Co. v. West End Country Club, 171 La. 482, 131 So. 466; Kramer v. Freeman, 198 La. 244, 3 So.2d 609; United Carbon Company v. Mississippi River Fuel Corp., 230 La. 709, 89 So.2d 209; Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574; Devoe & Raynolds Co., Inc., v. Robinson, La.App. Orleans, 1959, 109 So.2d 226.
Nevertheless, we fail to perceive any merit in plaintiff's contention. Nowhere is it alleged a contractual relationship, or that a privity of contract, existed between plaintiffs and any of the defendants. It is not alleged from whom plaintiff Weeks purchased the property nor that Gatlin erected the improvements thereon for or on behalf of plaintiff Weeks, or that Radalec, Inc., installed the air-conditioning system for or on behalf of that plaintiff or pursuant to any agreement with him. The conclusion is, therefore, inescapable that plaintiff's action, from the allegations of his petition setting forth that the damages allegedly sustained by him resulted through the fault of the one installing the air-conditioning system, is one sounding in tort.
Defendants' plea of one-year prescription presents, however, a more serious question for resolution. The matter was determined in the trial court upon a basis of the facts as recited in plaintiffs' petition. These allegations disclose that the original installation was completed on or about November 19, 1956; that the damage became apparent on or about December 10, 1957, and that this action was filed October 20, 1958. Where the commission of a wrongful act is attended immediately by resulting damage, the initial point for the one-year prescription is the date on which the damaging act is completed. Griffin v. Drainage Commission of New Orleans, 110 La. 840, 34 So. 799; Beauvais v. D. C. Hall Transport, La.App. 2d Cir., 1950, 49 So.2d 44. However, in suits for damages occasioned by a wrongful act, prescription commences to run where, in point of time, the damage follows the wrongful act, not from the time the act was done but from the time the damage was sustained in consequence of it. Jones v. Texas & P. Ry. Co., 125 La. 542, 51 So. 582, 136 Am.St.Rep. 339; Luke v. Caddo Transfer & Warehouse Co., 11 La.App. 657, 124 So. 625; Ruffner v. Hebert, 8 Orleans App. 333.
Referring again to the codal authority relied upon by the defendants, it is noted that the succeeding article, No. 3537, provides, where property has been injured, damaged, or destroyed, the prescription runs from the date knowledge of such damage is received by the owner of the property. Mayer v. Ford, La.App. 1st Cir., 1943, 12 So.2d 618.
In this connection, it may be pointed out no averment is made either as to the date when the alleged damages occurred or when plaintiff acquired knowledge of the damage he claims to have sustained. Nor was evidence *851 introduced on the trial of the plea to establish either of these dates.
Under the jurisprudence of this State, the owner of property seeking to recover damages for injury thereto, particularly where he had possession of the property on the occurrence of the injury, carries the burden of proof on the trial of a plea of prescription of one year to establish when the loss occurred or when he obtained knowledge of the wrongdoing. In re Union Cent. Life Ins. Co., 208 La. 253, 23 So.2d 63, 73; Ducros v. St. Bernard Cypress Co., 164 La. 787, 114 So. 654; Erwin v. Lee Lumber Co., 163 La. 191, 111 So. 673; National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234; Citizens' Bank v. Jeansonne, 120 La. 393, 45 So. 367; Urania Lumber Co. v. Powers & Critchett Lumber Co., La.App. 2d Cir., 1936, 166 So. 190; Mayer v. Ford, supra.
In the absence of evidence in the record, we are unable, of course, to determine when plaintiff allegedly sustained damage to his property or the existence of any fact or circumstance such as lack of knowledge on his part that may have delayed the commencement or suspended the running of prescription. We would be warranted, under the condition of the record, in affirming the judgment because plaintiffs have not sustained their burden of proof. But inasmuch as it appears, from the record, neither plaintiffs nor defendants rested the trial of the plea upon, or intended that disposition thereof be made, on that ground, we are of the opinion that the action taken should not be one of dismissal of plaintiffs' suit.
Under the jurisprudence developed pursuant to Code of Practice Art. 906, the principles of which have been incorporated in 1 LSA-C.C.P. Art. 2164, where the record is not in condition to enable the court to pronounce definitely on the question presented, or where the parties have failed to produce available evidence which may be material to a proper decision of the case, the appellate court has considerable discretion in remanding a case. In fact, the present tendency is to exercise this discretion where the ends of justice would be best served by remanding a case for the reception of additional evidence, where it appears that either party, or both, may be able to produce further material evidence, regardless of the cause for the omission of the evidence on the first trial. Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711; Young v. Thompson, La.App. 1st Cir., 1939, 189 So. 487; Walker v. National Life & Accident Ins. Co., La.App. 2d Cir., 1938, 184 So. 603.
We do feel that plaintiffs should have the opportunity of producing any relevant or material evidence on the trial of the plea of prescription concerning the date the damages were allegedly sustained and of any fact or circumstance which may have delayed the commencement or suspended the running of prescription, such as the date plaintiff acquired knowledge of the wrongful act by which injury was sustained to his property. The defendants, of course, are likewise entitled to produce evidence, if desired, in support of their contentions.
Accordingly, for the reasons assigned, it is ordered that the judgment appealed be, and the same is hereby, annulled, avoided, reversed and set aside; and
It is now ordered that this cause be, and the same is hereby, remanded to the Honorable, the First Judicial District Court in and for Caddo Parish, Louisiana, and that the plea of prescription be reopened for the introduction by either plaintiffs or defendants, or both, of such material evidence as is relevant to the trial of said plea of prescription as they may desire to offer consistent with the views herein expressed and in accordance with law; the defendants-appellees are assessed with the cost of this appeal.
Reversed and remanded.