AYRES, Judge.
This is an action to recover damages for the alleged “drying up” of bránches and a water well on plaintiff’s land as a result of explosions conducted on the land, under defendant’s direction, for the purpose of geophysical exploration. The name of defendant was corrected to read California Oil Company, and, in accordance with a subsequent company name change, was finally designated, by appropriate proceedings, Chevron Oil Company.
A plea of prescription of one year under the provisions of LSA-C.C. Art. 3536 was filed by defendant and plaintiff was allowed to introduce evidence on trial of the exception. From the judgment sustaining the plea and dismissing the suit, plaintiff has appealed.
The record shows the blasting which gives rise to this action took place during the month of February, 1964, and suit was filed on May 4, 1965.
On trial of the exception, plaintiff made no mention, in his testimony, of the water well which was alleged to have gone dry. As to the drying of the branches, plaintiff confined his explanation to one particular stream, in which he said he noticed the water beginning to recede “sometime in May” and which he said finally dried up “sometime about the latter part of June.” Plaintiff further testified that while he did not live on the land involved in the suit, he visited it approximately six days per week and, therefore, had knowledge of the explosions by the day following their occurrence.
The law of this state is well set-tied to the effect that the owner of property seeking recovery of damages for injury thereto, particularly when he is in possession of the property upon the occurrence of the injury, bears the burden of proof on the trial of a plea of prescription of one year to establish when he obtained knowledge of its occurrence. In such circumstances it is incumbent upon the owner to prove either that the loss occurred or that he acquired knowledge thereof within a year of the filing of the suit. In re Union Cent. Life Ins. Co., 208 La. 253, 23 So.2d 63 (1945); Ducros v. St. Bernard Cypress Co., 164 La. 787, 114 So. 654 (1927); Schouest v. Texas Crude Oil Co. (La.App.) 141 So.2d 155, 161 (1st Cir. 1962 — cert. denied); Merrimack Mutual Fire Insurance Company v. Radalec, Inc. (La.App.) 126 So.2d 848, 851 (2d Cir. 1961); Lay v. Garriga, (La.App.) 19 So.2d 665 (2d Cir.1944); Urania Lumber Co. v. Powers & Critchett Lumber Co. (La.App.) 166 So. 190 (2d Cir. 1936).
Our review of the record herein shows, as previously noted, that evidence as to plaintiff’s knowledge of the loss of which he complained is limited to a statement concerning the drying of a single unidentified *697 branch. Even this statement fails to set forth a definite date upon which the knowledge of such drying was acquired in order to show the acquisition to be within one year of the filing of this suit. It should be noted that the damage complained of by plaintiff must necessarily have occurred, if at all, at the time of defendant’s blasting operations. The lowering of the water in the branch mentioned in the testimony served as adequate indication to put plaintiff on notice that such damage might have occurred. Thus, for purposes of this action, the date on which plaintiff became aware that the branch had finally become dry is inconsequential.
It is, therefore, apparent that plaintiff has failed to carry the burden of proof placed upon him by the jurisprudence and that the plea of prescription was properly sustained.
Accordingly, the judgment is affirmed at appellant’s costs.
Affirmed.