HALL, Judge.
Plaintiff, individually, and for and on behalf of his minor daughter Christine Angel Barrios filed this suit for damages on December 13, 1967, against Sara Mayo Hospital, Insurance Company of North America and Dr. Ellen MacKenzie. The suit was dismissed as to Insurance Company of North America by summary judgment from which no appeal was taken. By supplemental petition Aetna Casualty and Surety Company, liability insurer of Sara Mayo Hospital, was joined as a party defendant.
Exceptions to plaintiff’s petition were filed by each of the defendants as follows:
1) Sara Mayo Hospital filed an exception or plea of prescription of one year and also an exception of no cause or right of action on the ground of charitable immunity.
2) Aetna Casualty and Surety Company filed a plea of prescription and also an exception of no cause or right of action.
3) Dr. Ellen MacKenzie filed an exception or plea of prescription of one year.
After a hearing the Trial Court rendered judgment:
1. Maintaining the plea of charitable immunity filed by Sara Mayo Hospital, and dismissing the suit as to that defendant.
*848 2. Dismissing the exception of no cause of action filed by Aetna Casualty and Surety Company.
3. As to the pleas of prescription the judgment reads as follows:
“* * * That the pleas of prescription, filed herein by the defendants Dr. Ellen MacKenzie and Aetna Casualty and Surety Company, be and the same are hereby maintained insofar as they pertain to the tort action, but referring said pleas of prescription to the merits insofar as they pertain to any contract to perform medical services.”
Plaintiff prosecutes this appeal from that judgment.
Plaintiff’s petition alleges that his minor daughter, born September 25, 1958, became dehydrated, tired and listless and that some time in the month of August 1959 plaintiff and Dr. Ellen MacKenzie entered into an oral contract whereby the doctor agreed to treat and care for his minor daughter and that Dr. MacKenzie contracted and warranted that she would undertake the care of the child; that on Dr. MacKenzie’s instructions he took his daughter to Sara Mayo Hospital; that on or about August 5, 1959 an infusion with a needle was made into the child’s forehead in an unworkman-like, unprofessional and unskillful manner which shortly afterward developed into a slough on the child’s forehead; that Dr. Ellen MacKenzie failed to perform her obligations under the contract in certain alleged respects; that as a result of the default and failure of the defendant the minor child suffered damages.
The petition also alleges that Sara Mayo Hospital entered into an oral contract on or about August 5, 1969 whereby the hospital agreed to examine properly and to treat and care for the child and to perform its obligations under the contract in a good and workmanlike manner but that in breach of said contract -the hospital through its agents and employees injected an infusion into the forehead of the child which shortly thereafter resulted in a slough; that the infusion was done in an unworkmanlike, unprofessional and unskillful manner and in an unusual and dangerous area and that this breach of contract resulted in damage to the child. In the alternative plaintiff averred that the hospital made representations to him that it had a special treatment for the condition of the child which it guaranteed would affect a cure of the child which representations were false. The petition further alleges that when the slough was noted Sara Mayo Hospital gave assurances to plaintiff that the slough would disappear within a reasonable time and that plaintiff relied on such assurances, but the slough became worse and more disfiguring.
The petition further alleges that plaintiff again consulted Dr. Ellen MacKenzie who thereafter assumed the treatment of the child and advised that the slough would disappear within a reasonable time but more than eight years expired and the slough has become a permanent and disfiguring scar.
In the alternative and as a second cause of action against Dr. MacKenzie the petition alleges that the doctor fraudulently concealed her negligence and breach of warranty with the intention of depriving plaintiff of a personal injury claim on behalf of his minor daughter by causing the one year prescriptive period applicable to actions in tort to elapse. Similar allegations are made with respect to Sara Mayo Hospital.
The petition then alleges that plaintiff and his wife did not discover the alleged fraud until his wife consulted an attorney in June 1967 who advised her of her rights on behalf of her minor child.
It is thus seen that plaintiff has in effect alleged two causes of action. One sounds in tort for malpractice, the other sounds in contract for non-performance thereof.
Plaintiff contends that the one year prescriptive period applying to tort actions did *849 not commence to run until his wife consulted an attorney in June 1967.
The infusion was administered to the child on August 5, 1959. The needle wound developed into a slough shortly thereafter. The slough became progressively worse for eight years, until it is now a permanent and disfiguring scar. Suit was not filed until December 13, 1967. Plainly plaintiff’s action is prescribed insofar as it sounds in tort. It is beyond belief that plaintiff did not discover years before the attorney was consulted that the child had received injuries which were getting progressively worse instead of better and realize that something was wrong.
All pleas of prescription, insofar as they pertain to any contract to perform medical services, were referred to the merits. Such a judgment is interlocutory and no appeal lies therefrom. LSA-C.C.P. Art. 2083; Fremin v. Collins, La.App., 194 So.2d 470.
We are of the opinion that Sara Mayo Hospital’s exception of no cause or right of action on the ground of charitable immunity was properly maintained by the Trial Court. Plaintiff concedes that Sara Mayo Hospital is a charitable non-pro.fit institution and has entered into a written stipulation to that effect. However plaintiff contends that the doctrine of charitable immunity is an obsolete doctrine. The Supreme Court as late as May 5, 1969 applied the doctrine in the case of Grant v. Touro Infirmary et als., La.App., 223 So.2d 148 of the docket of that Court. Plaintiff also contends that the acts complained of were “administrative” rather than “medical” acts and that the doctrine of charitable immunity does not apply to “administrative” acts, citing Danks v. Maher, La.App., 177 So.2d 412. The reason the doctrine was not applied in that case was not because the acts were “administrative” but because the hospital offered no proof that it was a charitable institution and did not urge the doctrine either in the Trial Court or in the Appellate Court. This Court in D’Antoni v. Sara Mayo Hospital, La.App., 144 So.2d 643, and the Supreme Court in Grant v. Touro Infirmary supm expressly found the acts complained of to be “administrative” but nevertheless found the doctrine of charitable immunity to be applicable, precluding the rendition of a judgment against the charitable hospital.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiff-appellant.
Affirmed.