400 So.2d 313 (1981)
ROBCO, INC.
v.
The CONSOLIDATED SEWERAGE DISTRICT OF the CITY OF KENNER.
No. 11931.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1981.
Rehearing Denied July 13, 1981.
Gordon K. Konrad, Metairie, for plaintiff-appellee.
*314 Vondenstein & Power, Michael J. Power, Kenner, for defendant-appellant.
Before GULOTTA, GARRISON and CHEHARDY, JJ.
CHEHARDY, Judge.
Defendant, The Consolidated Sewerage District, City of Kenner, suspensively appeals a district court decision in favor of plaintiff, Robco, Inc., enjoining the City of Kenner through its agents, employees, and all other persons, firms or corporations acting or claiming to act on its behalf from using any of the three sewerage lines which exist on the plaintiff's property. The judgment also provided it was to take effect at 12 noon on June 9, 1980 and that should the City of Kenner violate the injunction after that time, each 24-hour period during which any use of the said lines does occur shall constitute a separate violation of this injunction and the defendant shall be fined the sum of $500.
A review of the record reveals it was stipulated the plaintiff was in fact the owner of the property described in its petition and the surveys introduced in the record do correctly show the location of three sewer lines on the subject property. It was further stipulated that the defendant, City of Kenner, was at that time moving sewerage through all three of said sewerage lines, that the two lines shown on the survey on the northern portion of the property had been accepted by the City for maintenance and that the lines on the south side of the plaintiff's property had not been accepted by the City of Kenner for maintenance but that the defendant was in fact moving sewerage and accepting sewerage moved through the said lines.
An additional stipulation was that the lines described and shown on the survey were installed and are in place without benefit of the defendant or anyone else having a servitude which would grant them the right to install said lines or maintain them at that location.
In giving his reasons for judgment from the bench, the trial court judge stated:
"All right, gentlemen, the Court has no alternative in connection with this matter. The property belongs to Robco, Inc. and has been since the beginning of this proceeding. When was this first filed, Mr. Konrad?
MR. KONRAD:
November 14, 1979.
THE COURT:
It has been six months and the City of Kenner has been aware of these proceedings that the Court prevailed on Mr. Roy as the president of Robco, Inc. to hold off any action in this matter to see if some type of agreement can be reached and the Court is aware of the facts in this matter and it feels that it did every thing it could to notify the City of Kenner the importance of this matter of law. The United States constitution does provide the right for a person to own his own property. It is one of the basic principles of the United States's constitution and the City of Kenner has went into this property without any attempt to work out some type of agreement. I don't mean no attempt by the attorneys but it has been six long months for the City of Kenner to take whatever action they could to work this thing out. Apparently, the City of Kenner has not done any thing in this matter. In the mind of the Court it is totally unjust of the taking of this property and accordingly I enjoin the City of Kenner of the use of these lines * * *."
Defendant's first assignment of error is that the trial judge erred when he failed to grant a continuance. LSA-C.C.P. art. 1602 provides that a continuance shall be granted on peremptory grounds if at the time a case is to be tried, the party applying for the continuance shows he has been unable, with the exercise of due diligence, to obtain evidence material to his case or that a material witness has absented himself without contrivance of that party.
LSA-C.C.P. art. 1601 provides, however, that a continuance may be granted in any case if there is good ground therefor. It has also been held that under certain circumstances *315 where there was an inability to serve and cite a third party defendant, or to try the third party demand at the same time as the principal demand, the district court judge did not abuse his discretion in refusing to delay the progress of the principal demand. Commercial National Bank in Shreveport v. Calk, 207 So.2d 578 (La.App. 3d Cir.1968). In the present case, because the relief sought by the plaintiff was solely injunctive, there was no abuse of discretion on the part of the district court judge in denying the continuance which the defendant alleged was sought by the third party defendant, Urban Redevelopments, Inc., and proceeding with trial of the main demand.
Defendant also argues on appeal that its exception of res judicata was improperly denied by the district court judge due to their allegation that in a suit entitled "Robco, Inc. versus Urban Redevelopments, Inc., et al," bearing Docket No. 152-169 of the 24th Judicial District Court for the Parish of Jefferson, Robco sought the issuance of a preliminary writ of injunction restraining and enjoining the defendants (which included the City of Kenner) from entering upon, in any fashion, any of the plaintiff's property described therein, which was denied. Certainly the denial of the request for a preliminary injunction does not preclude a judge from granting a permanent injunction after hearing all of the merits of a case. Since no final judgment had been rendered in the previously filed case at the time this case was heard in the district court, the exception of res judicata was properly overruled.
Neither can we find merit in the urging of the defendant that its exception of lis pendens was improperly overruled by the district court judge. A review of this previously referred to case, which was ongoing in another court at the time the present suit was filed, reveals relief was sought, among other demands, in the form of restraining the defendants in the case from "entering" the plaintiff's property; whereas in the present case the plaintiff sought to prevent the defendant from moving sewerage through lines situated on his property, actions which would constitute continuing acts of trespassing if no rights to engage in these acts could be established. Since the issues in the two cases were not identical, the exception of lis pendens was properly overruled by the district court judge.
This court, moreover, can find no error in the district court's granting of injunctive relief to the plaintiff in the present case. In the case of Moorhead v. State, Department of Highways, 322 So.2d 330 (La. App.2d Cir. 1975), the court established that injunctive relief was available to protect ownership, possession and enjoyment of immovable property, citing LSA-C.C.P. art. 3663, and the court affirmed the granting of a preliminary injunction against the Department of Highways, because the plaintiff had established a prima facie case in the trial court.
In the case of McGee v. Yazoo & M. V.R. Co., 206 La. 121, 19 So.2d 21 (1944), the court addressed the appropriateness of the granting of injunctive relief, although the plaintiff also sued for money damages, for a continuing nuisance and stated at 23:
"First. Defendant's exception of no cause or right of action is based on the proposition that plaintiffs are not entitled to injunctive relief because having sued for monied judgments, plaintiffs thereby admit that the damage complained of is not irreparable, `but is clearly subject to be measured and established, and recovery could be granted (if there was liability) in dollars and cents.'
"The trial judge held that the position of defendant was not tenable, since the acts of which plaintiffs complain as constituting a nuisance are continuing acts; that if plaintiffs could not obtain an injunction to restrain such acts, their only remedy would be to file suits every year for the damage caused them by the wrongful and negligent acts committed by defendant during the previous year. We find no error in the ruling.
"In Froelicher v. Oswald Ironworks, 111 La. 705, 35 So. 821, 64 L.R.A. 228, the *316 Court, in considering the question of a nuisance caused by noise and smoke not only condemned the defendant to pay damages, but also restrained the defendant from carrying on the work producing the noise and smoke."
Lake, Inc. v. Louisiana Power & Light Company, 330 So.2d 914 (La.1976), held that a power line was a discontinuous apparent servitude. The court observed that the cumulative experience of the civil law is that only servitudes which are both continuous and apparent should be susceptible of acquisition by prescription. We interpret this to mean that a nonapparent servitude such as a sewer main is not susceptible of acquisition by prescription but must be acquired by title. The fact that the court in Lake, supra, made its ruling prospective only in its overruling of the "St. Julien doctrine" is irrelevant to this case due to the fact that in St. Julien v. Morgan's L. & T. R. & S. S. Co., 39 La.Ann. 1063, 3 So. 280 (1887), it was held that where an owner had permitted a servitude to be imposed upon his land he was not permitted, under certain circumstances, to reclaim it free of the servitude, but he should be restricted to his right of compensation. In our present case, it has not been established that Robco ever permitted the trespass now being imposed by the defendant, rendering the St. Julien doctrine therefore inapplicable to the present case.
The City of Kenner's citation of LSA-R.S. 19:14 is also irrelevant to the present case. Although this statute states that when the state or its political corporation or subdivision in good faith, believing it had authority to do so, takes possession of privately owned immovable property of another, such owner is not entitled to contest the taking but shall be entitled to bring an action for compensation. A review of the record does not reveal any facts put before the district court judge that would allow him to find "good faith" on the part of the defendant in the present case. Moreover, the instant case was filed on November 14, 1979 long after the June 7, 1977 judgment denying the City of Kenner's request to be recognized as owner of the least part of the plaintiff's property in No. 232-646 in the 24th Judicial District Court for the Parish of Jefferson, entitled City of Kenner v. Robco, Inc. In that case the district court judge also noted in his reasons for judgment that no statutory dedication was made, although the court declared there was no need for it to decide whether any common law dedication had ever taken place.
This court can only conclude, therefore, as did the district court judge, that the actions of the defendant, the City of Kenner, on the plaintiff's property in absence of compliance with any specific expropriation procedure is not unjust taking of the property, and the granting of injunctive relief to the plaintiff was proper under the circumstances. This court, however, cannot agree with the district court's setting of a fine for violation of the injunction in the amount of $500 for each 24-hour period during which any use of the said sewerage lines by the defendant does occur. LSA-R.S. 13:4611 grants trial courts the power to punish a party adjudged guilty of contempt of court for disobeying a permanent injunction by a fine of "not more than $500." In the present case there were no allegations of specific damages made by the plaintiff nor was it even alleged by that party that the passage of sewerage through the lines existing on the plaintiff's property was interfering with the use and enjoyment of the subject property or causing any inconvenience or problems whatsoever. Moreover, any fines paid by defendant for violation of the injunction would not enhance the plaintiff's position in any way. This court can only conclude, therefore, that the setting of such a fine, at the maximum amount allowed by LSA-R.S. 13:4611, would only serve as an unfair burden on the taxpayers who would ultimately pay such a fine and was an abuse of discretion on the part of the district court judge. Therefore, in accordance with the provisions of LSA-C. C.P. art. 2164, which gives this court the power to render any judgment that is just, legal and proper upon the record on appeal, we reduce the penalty for each violation from $500 to $50.
*317 For the reasons assigned, the district court judgment is amended in part and it is hereby ordered, adjudged and decreed that should The Consolidated Sewerage District, City of Kenner, violate the district court injunction, each 24-hour period during which any use of the said lines by the defendant does occur shall constitute a separate violation of that injunction and the defendant shall be fined the sum of $50 for each such violation. In all other respects, the trial court judgment is affirmed.
AMENDED IN PART; AFFIRMED IN PART.