422 So.2d 1209 (1982)
Abel Joseph BOUDREAUX, et als.
v.
TERREBONNE PARISH POLICE JURY.
No. 15063.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
Rehearing Denied December 16, 1982.
*1211 Gerald F. Lofaso, Houma, for plaintiff and appellant.
Laurence E. Best, Houma, for defendant and appellee.
Robert L. Picou Jr., Houma, for third party defendantT. Baker Smith & Son, Inc.
Before COVINGTON, LEAR and LANIER, JJ.
LANIER, Judge.
This is a suit for damages in tort alleging trespass.[1] The trial judge partially sustained a peremptory exception pleading the one year prescription of La.C.C. art. 3536 and ruled that the claims for damages occurring prior to April 20, 1977, were extinguished. After a trial on the merits, the trial court ruled that the Terrebonne Parish Police Jury (hereinafter referred to as Police Jury) had acquired a servitude for its constructions pursuant to the St. Julien Doctrine and thus the landowners could not recover damages for trespass,[2] that the appellants failed to prove any damages subsequent to April 20, 1977, and that the appellants' claims were prescribed by the provisions of La.R.S. 9:5624[3] and La.R.S. 13:5111.[4] This devolutive appeal followed.

I. FACTS
The appellants are the owners of three contiguous tracts of land in Terrebonne Parish which are located about 16 miles below the City of Houma and front on the public road which runs parallel to the left descending bank of Bayou Grand Caillou in the vicinity of Lake Boudreaux. During the early part of 1974, the Police Jury contracted with T. Baker Smith & Sons, Inc. for engineering services in connection with a forced drainage project for the construction of a ring levee system in the vicinity of the appellants' properties. Patterson & Edmonson Construction Company was retained to do the construction work. As part of this project, a drainage and reservoir canal and a levee were built across the rear *1212 portions of the appellants' properties. The portion of this construction on the properties of the appellants was completed on or before June 30, 1974. No servitudes or permissions were secured prior to construction.
The appellants discovered the existence of the canal and levee on their properties in July of 1975. They contacted an attorney who sent a letter to the Police Jury in January of 1976. This letter was transmitted by the Police Jury to T. Baker Smith & Sons, Inc. and shortly thereafter there was a meeting between the parties to attempt to settle the disputes. Apparently, these efforts failed. This suit was filed on April 20,1978. On September 11,1978, the Police Jury filed a peremptory exception pleading the liberative prescription of one year, La. C.C. arts. 3536 and 3537. On October 27, 1978, the trial judge rendered judgment partially granting and partially rejecting this plea of prescription. He ruled that all claims for damages for events of trespass occurring prior to April 20, 1977, were prescribed, but that all claims for damages subsequent thereto were not. On October 31, 1978, appellants filed a first supplemental and amending petition adding an additional prayer that the "... Police Jury be ordered to remove the illegal construction complained of herein on petitioners property and to place the land owned by petitioners as described hereinabove, in the same condition as it existed prior to the illegal construction and trespass."[5] On September 24, 1979, the Police Jury filed a third party demand against T. Baker Smith & Sons, Inc. for indemnification alleging that as Engineer on the project, it was responsible for securing the necessary servitudes and rights-of-way and failed to do so. On February 21, 1980, T. Baker Smith and Sons, Inc. filed a peremptory exception pleading the prescriptions of La.C.C. arts. 3536 and 3537, La.R.S. 9:5624 and La.R.S. 13:5111, and filed their answer to the third party demand of the Police Jury. On February 28, 1980, the Police Jury filed a supplemental answer pleading the liberative prescriptions of La.R.S. 9:5624, La.R.S. 13:5111 and La.C.C. art. 3537 and alleged that it had acquired a servitude for the canal and levee pursuant to the St. Julien Doctrine.[6] On February 29, 1980, the appellants filed a second supplemental and amending petition attacking the constitutionality of the St. Julien Doctrine and again praying for the removal of the "illegal" construction from their properties.

II. PRESCRIPTION

A. CLAIMS FOR DAMAGES PRIOR TO APRIL 20, 1977
On October 27, 1978, the trial judge partially sustained the exception of prescription filed by the Police Jury and ruled that all claims of the appellants for alleged events of trespass occurring prior to April 20, 1977, were prescribed. The record reflects that notice of this judgment was mailed to counsel for the parties on November 7, 1978. A judgment that determines the merits of a case in whole or in part is a final judgment. La.C.C.P. art. 1841. The judgment of the trial court partially granting the plea of prescription and dismissing all claims for damages prior to April 20, 1977, disposed of a part of the merits of the case and is thus an appealable judgment. La.C.C.P. art. 2083; Barrios v. Sara Mayo Hospital, 224 So.2d 846 (La.App. 4th Cir. 1969). The record does not reflect that a timely appeal was taken from this adverse judgment by the appellants and it is now res judicata. La.C.C. arts. 2285, 2286 and 3556(31); R.G. Claitor's Realty v. Juban, 391 So.2d 394 (La.1980).

*1213 B. ARTICLE 3536 OF THE CIVIL CODE
Claims for damages in tort for trespass pursuant to La.C.C. art. 2315 are prescribed in one year pursuant to La.C.C. art. 3536. Where land has been damaged by a tort, such as a trespass, the prescriptive period commences to run "... from the date knowledge of such damage is received by the owner thereof." La.C.C. art. 3537; Dean v. Hercules, Incorporated, 328 So.2d 69 (La.1976); Kreher v. T.L. James & Company, Inc., 274 So.2d 734 (La.App. 4th Cir.1973); Coussons v. California Company, 201 So.2d 695 (La.App. 2nd Cir.1967). The continued existence of a construction unlawfully placed on land by virtue of a trespass does not suspend or interrupt this prescriptive period. Culotta v. Police Jury of Ascension Parish, 316 So.2d 463 (La.App. 1st Cir.1975), writs refused with reasons, 320 So.2d 561 (La.1975); Patin v. Stockstill, 315 So.2d 868 (La.App. 1st Cir.1975); Schouest v. Texas Crude Oil Co., 141 So.2d 155 (La.App. 1st Cir.1962), writs refused not published (La.1962); CONTRA: Joseph A. Neyrey, General Contractor, Inc. v. Louisiana Power & Light Company, 347 So.2d 266 (La.App. 4th Cir.1977), writ denied, 350 So.2d 897 (La.1977). Thus, pursuant to Article 3536, all claims for damages for trespass of the appellants were prescribed as of August 1,1976, if that prescriptive period is applicable.
C. LA.R.S. 9:5624
La.R.S. 9:5624 provides a special prescriptive period which is applicable in the situation when private property is damaged for public purposes. Any and all actions for such damages are prescribed in two years from the time that the damages are sustained. This statutory provision has been applied when private property is damaged for public purposes incidental to expropriations (Bourree v. A.K. Roy, Inc., 232 La. 149, 94 So.2d 13 [1957]; 11 La.L.Rev. 36 and 37, [1950]) and conventional servitudes (Miller v. Colonial Pipeline Company, 173 So.2d 840 [La.App. 3rd Cir.1965], writ refused, 247 La. 1029, 175 So.2d 644 [La.1965]), or when property adjacent to a public highway construction site is damaged (Nuckolls v. Louisiana State Highway Department, 337 So.2d 313 [La.App. 2nd Cir.1976]; Florsheim v. Department of Highways, 201 So.2d 155 [La.App. 2nd Cir.1967]).[7] This prescriptive period is not applicable when the act which caused the damages was not a necessary consequence of the public purpose construction project. Perkins v. Simon, 265 So.2d 804 (La.App. 3rd Cir.1972). The construction by the Police Jury of the canal and levee in connection with a ring levee system to drain the property of the appellants and others and protect it from tidal overflow from Lake Boudreaux is obviously for a public purpose. In Nuckolls v. Louisiana State Highway Department, supra, at page 315 of the Southern Reporter appears the following:
"The statute declares that an action for `any and all damages' must be brought within two years from the time `damages are sustained.' The purpose of the statute is to limit the exposure of the state and its political subdivisions to liability in connection with the construction of public works to a reasonable period of time. The language employed when construed in the light of the purpose of the statute precludes any suit being brought after two years from the first occurrence of any damage after the completion of the public works. ..." (Emphasis added).
The exception of prescription grounded on this statutory provision was properly upheld.
When two statutes applicable to the same subject appear to be in conflict, the statute that is more specifically directed to the matter at issue must prevail as an *1214 exception to the statute that is more general. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980) and the cases cited therein. Thus, in the instant case, where the petition alleges a claim for damages to private property as the result of a project for public purposes La.R.S. 9:5624 must prevail over La.C.C. art. 3536, and is applicable.[8]

III. CONCLUSION
For the foregoing reasons, the plea of two year prescription under La.R.S. 9:5624 is sustained as to all claims of the appellants. The judgment of the trial court is affirmed. The appellants are to pay all costs of this appeal.[9]
AFFIRMED.
NOTES
[1] This is not an action for compensation for the value of land and/or for severance damages when property is taken or used by virtue of expropriation (Article I, § 4, La. Const. of 1974; La.R.S. 19:1, et seq.), appropriation (Article VI, § 42, La. Const. of 1974; La.C.C. art. 665), or the St. Julien Doctrine (La.R.S. 19:14; Lake, Inc. v. Louisiana Power & Light Company, 330 So.2d 914 (La.1976); Gumbel v. New Orleans Terminal Co., 186 La. 882, 173 So. 518 (1937); St. Julien v. Morgan Louisiana & Texas Railroad Company, 35 La.Ann. 924 (La.1883); 51 Tul.L.Rev. 375 (1977).
[2] A.K. Roy, Inc. v. Board of Commissioners for Pontchartrain Levee District, 238 La. 926, 117 So.2d 60 (1960); State, Department of Highways v. Champagne, 371 So.2d 626 (La.App. 1st Cir.1979), reversed in part on other grounds, 379 So.2d 1069 (La.1980).
[3] La.R.S. 9:5624 provides:

"When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run when the damages are sustained."
[4] La.R.S. 13:5111 provides:

"A. A court of Louisiana rendering a judgment for the plaintiff, in a proceeding brought against the state of Louisiana, a parish, or municipality or other political subdivision or an agency of any of them, for compensation for the taking of property by the defendant, other than through an expropriation proceeding, shall determine and award to the plaintiff, as a part of the costs of court, such sum as will, in the opinion of the court, compensate for reasonable attorney fees actually incurred because of such proceeding. Any settlement of such claim, not reduced to judgment, shall include such reasonable attorney, engineering, and appraisal fees as are actually incurred because of such proceeding. Actions for compensation for property taken by the state, a parish, municipality, or other political subdivision or any one of their respective agencies shall prescribe three years from the date of such taking.
"B. The rights of the landowner herein fixed are in addition to any other rights he may have under the constitution of Louisiana and existing statutes, and nothing in this Part shall impair any constitutional or statutory rights belonging to any person on September 12, 1975."
[5] This amendment did not change the nature of this suit as one in tort for damages for trespass. See Schouest v. Texas Crude Oil Co., 141 So.2d 155 (La.App. 1st Cir.1962), writs refusednot published (La.1962).
[6] In addition to the cases cited in footnote 1, see also Harrison v. Louisiana Power and Light Co., 288 So.2d 37 (La.1973); Robco, Inc. v. Consolidated Sewerage District of City of Kenner, 400 So.2d 313 (La.App. 4th Cir.1981); Rogers v. Louisiana Power & Light Company, Inc., 391 So.2d 30 (La.App. 3rd Cir.1980); Holt v. City of Bossier City, 384 So.2d 495 (La.App. 2nd Cir.1980); State, Department of Highways v. Poole, 243 So.2d 539 (La.App. 1st Cir.1970).
[7] This statutory provision is not applicable to claims for compensation for the value of property and/or severance damages for the taking or use of property pursuant to an expropriation, an appropriation, or a St. Julien servitude. A.K. Roy, Inc. v. Board of Commissioners for Pontchartrain Levee District, 237 La. 541, 111 So.2d 765 (1959); Greater Baton Rouge Airport District v. Hays, 339 So.2d 431 (La.App. 1st Cir.1976); Cruell v. Jefferson Parish, 216 So.2d 604 (La.App. 4th Cir.1968).
[8] The three year prescriptive period of La.R.S. 13:5111 is not applicable under the allegations and facts of the instant case. That prescriptive period applies where there has been a taking of property other than through an expropriation proceeding and is for compensation for the value of the property taken. The claim in the instant case alleges trespass and seeks the ejectment of the Police Jury and thus asserts that there was no valid taking of a legal property right. Article I, § 4, La. Const. of 1974.
[9] Because of our ruling on the prescription issue, it is not necessary to reach the issues of whether or not the appellants proved any compensable damages or whether or not the Police Jury obtained a valid servitude under the St. Julien Doctrine.