WIGGINTON, Judge.
The employer/carrier and the Special Disability Trust Fund appeal the deputy commissioner’s order directing them to pay to claimant a lump sum advance of all future compensation benefits commuted to a present value of $103,700. The E/C raise three points for our review: (1) whether the lump sum advance is in claimant’s best interest; (2) whether the $7,500 cap appearing in section 440.20(13)(d), Florida Statutes *425 (1983), applies to the instant award; and (3) whether the 8 percent discount rate appearing in section 440.20(12)(c), Florida Statutes (1983), applies to the instant award. We affirm.
Points II and III were decided adversely to appellants’ position in our very recent decision in Cone Brothers Contracting v. Gordon, 453 So.2d 420 (Fla. 1st DCA 1984). The 1983 amendments to sections 440.20(12) and 440.20(13), Florida Statutes (1979) are substantive and are to be applied prospectively only.[1]
Resolution of Point I is also controlled by the Gordon decision; although we note that on these facts, where the periodic payments left claimant in utter penury once daily living expenses were met, we feel even more compelled to affirm the lump sum award.
The financial plan introduced by claimant is sound and comprehensive, and would undeniably be in his best interests. However, we would amend the deputy’s order to add the proviso that the $103,700 lump sum received by claimant be utilized only for those purposes as set forth in the investment plan prepared by financial consultant Henry L. Turner, III, and in the testimony.
AFFIRMED, as amended.
MILLS and SHIVERS, JJ., concur.

. We distinguish our holding in Gordon from that in Kissimmee Construction Company (GAC Corporation) v. Riley, 400 So.2d 313 (Fla. 1st DCA 1984). In Riley, section 440.20(12), Florida Statutes (1979) was applied in place of section 440.20(10), Florida Statutes (Supp.1978), since the claimant’s injury took place following the effective date of the 1979 amendments. That was not the case in this instance, as the date of claimant’s injury was June 1, (1979), prior to the August 1 effective date of the 1979 statutes.