Dear Mr. Perez:
You requested our opinion to resolve what may at first blush appear to be a conflict between two sets of statutory provisions — viz., R.S.37:911 et seq., particularly R.S. 37:913(8) and (9), and R.S. 28:171
(P).
As you pointed out in your opinion request, the provisions in R.S. 37:911et seq. provide that nurse practitioners have limited prescription authority in accordance with a collaborative practice agreement with a physician.
On the other hand, you also point out that R.S. 28:171(P), a specific statute regulating the rights of mental patients in institutions in Louisiana, provides, in pertinent part, that "No medication may be administered to a patient pursuant to the provisions of this Chapter except upon the order of a physician, medical psychologist or psychiatric nurse practitioner. . ." (as amended 2006). You explain that in 2006 the legislature amended this provision to add psychiatric nurse practitioners but did not include simple nurse practitioners.
The question that you pose is whether a simple nurse practitioner may prescribe non-psychotropic medication in an infirmary setting at a mental hospital to its patients, pursuant to R.S. 37:911 et seq. You also note that some of these mental hospital patients may be forced to receive medications (of any kind) without their consent.
It is our opinion that simple nurse practitioners may not prescribe medication to patients in a mental hospital. The legislature chose to limit to physicians, medical psychologists, and psychiatric nurse practitioners such prescription authority with respect to patients in mental hospitals. While simple nurse practitioners may have limited prescription authority generally in collaboration with a physician *Page 2 
when treating ordinary patients in the general society, R.S. 28:171(P) is specifically aimed at the special and unique situation of mental hospital patients who may not be in full control of their faculties and may not be able to accept or decline the medication with full awareness of the consequences of their choice and, therefore, may not have the freedom of being able to decline the medication, regardless of their lack of consent to it. Such is true whether the medication is psychotropic or otherwise.
As a matter of statutory interpretation, whenever there is an apparent conflict between a general statute and more specific statute, the more specific statute controls and applies to the specific situation as an exception to the general statutory rule. See LeBreton v. Rabito, 1997-2221 (La. 7/8/98), p. 7, 714 So.2d 1226, 1229, ("Rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." [citingState ex rel. Bickman v. Dees, 367 So.2d 283 (La. 1978) and Esteve v.Allstate Ins. Co., 351 So.2d 117 (La. 1977)]). See also Boudreaux v.Terrebonne Parish Police Jury, 422 So.2d 1209 (La.App. 1st Cir., 1982);Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La., 1980); and the cases cited therein. Since R.S. 28:171(P) is a more specific statute directly aimed at the specific situation of mental hospital patients, it controls over the general laws with respect to that situation.
Trusting that this opinion has adequately answered your request, we remain. However, if we can be of further assistance, please do not hesitate to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By THOMAS S. HALLIGAN Assistant Attorney General
 CCF, Jr./TSH/sfj