Dear Mr. Theriot and Ms. Pierre:
You have both requested an Attorney General's opinion regarding the Legislative Auditor's ("Auditor") ability to access records of the Department of Revenue ("Revenue"). The Auditor has indicated that in order to complete several ongoing audits, his auditors have attempted to access Revenue's records, which are relevant to those audits. Revenue is not willing to allow the Auditor access to the records. The Auditor believes that La.R.S. 24:513 serves as an audit exception to the statutory exceptions stated in La.R.S. 47:1508. Revenue disagrees, and asserts that while La.R.S. 24:513.1 allows the Auditor to access Revenue's records during an audit of Revenue, neither R.S. 24:513 nor R.S. 47:1508 allows the Auditor to access Revenue's records in the audit of an unrelated entity. This really involves two separate questions:
 1. Does R.S. 24:513 grant the Legislative Auditor access to records of all auditees (public entities) in the course of an audit of an unrelated auditee?
 2. If the Legislative Auditor has such access, does that access include tax returns and tax return information in possession of the Department of Revenue?
In response to the first question, we note that R.S. 24:513, which sets forth the powers and duties of the Auditor, provides in relevant part:
 A. (1)(a) Subject to Paragraph (3) of this Subsection, the legislative auditor shall have authority to compile financial statements and to examine, audit, or review the books and accounts of the state treasurer, all public boards, commissions, agencies, departments, political subdivisions of the state, *Page 2 
public officials and employees, public retirement systems enumerated in R.S. 11:173(A), municipalities, and all other public or quasi public agencies or bodies, hereinafter collectively referred to as the "auditee". The scope of the examinations may include financial accountability, legal compliance and evaluations of the economy, efficiency, and effectiveness of the auditee's programs or any combination of the foregoing. In addition to the authority granted above, the legislative auditor shall have access to and be permitted to examine all papers, books, accounts, records, files, instruments, documents, films, tapes, and any other forms of recordation of all auditees, including but not limited to computers and recording devices, and all software and hardware which hold data, is part of the technical processes leading up to the retention of data, or is part of the security system. This access shall not be prohibited by Paragraph (3) of this Subsection.
This subsection sets out whose books and accounts the Auditor may audit, examine or review, the scope of any such examination, and which records the Auditor shall have access to. The first sentence gives the Auditor the authority to audit, examine and review the books and accounts of the state treasurer, all public boards, commissions, agencies, departments, political subdivisions of the state, public officials and employees, public retirement systems and all other public or quasi public agencies or bodies. This gives the Auditor access to the books and accounts of any auditee. The next sentence sets out the scope of the Auditor's examination, which may include financial accountability, legal compliance and evaluations of the economy, efficiency, and effectiveness of the auditee's programs. Finally, in addition to the authority granted in the first two sentences, the third sentence provides that the Auditor shall have access to "all papers, books, accounts, records, files, instruments, documents, films, tapes, and any other forms of recordation of all auditees".
The statute does not restrict the Auditor's access to the records of a particular auditee during the audit of that auditee. The first sentence of R.S. 24:513A(1)(a) gives the Auditor access to the books and accounts of the auditee. The third sentence gives the Auditor additional authority to access and examine certain records of all auditees. It is our opinion that in the course of an audit of an individual auditee, the Auditor shall have access to the records of all auditees. Because the term "auditee" includes all departments of the state, the Department of Revenue would be included. Therefore, Revenue must allow the Auditor access to certain records if the Auditor seeks the records in the course of an audit of any auditee.
Next we will address the question of whether the records which the Auditor has access to include tax returns and tax return information in possession of the Department of Revenue. R.S. 47:1508, governing the Department of Revenue and entitled "confidential character of tax records", prohibits the disclosure of confidential taxpayer information, with limited exceptions. A violation of the nondisclosure requirement is *Page 3 
punishable by imprisonment for not more than two years and/or a fine of not more than ten thousand dollars. See R.S. 47:1508(C).
As noted, there are exceptions to the general prohibition of R.S.47:1508, as disclosure is permitted where made "in the administration and enforcement of the tax laws of this state or of a political subdivision of this state". See R.S. 47:1508(A)(1). Further, the Legislative Auditor is granted the specific authority to review confidential taxpayer information if the Legislative Auditor is conducting an audit of the activities of the Department of Revenue. R.S. 47:1508(B)(10) and R.S.24:513.1. R.S. 47:1508 provides in pertinent part:
 § 1508. Confidential character of tax records
 A.(1) Except as otherwise provided by law, the records and files of the secretary of the Department of Revenue or the records and files maintained pursuant to a tax ordinance excluding ad valorem property taxes and ad valorem property tax assessment rolls, of any political subdivision are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state or of a political subdivision of this state . . .
 * * * * * B. Nothing herein contained shall be construed to prevent:
 * * * * * (10) The secretary or political subdivision from disclosing to the legislative auditor, or any members of his staff designated by him, those papers, books, documents, including tax returns and tax return information, films, tapes, and any other forms of recordation, including but limited to computers and recording devices which the legislative auditor in his discretion, deems necessary for the purpose of making an examination and audit of the books and accounts of the Department of Revenue, as provided in R.S. 24:513.1, or a political subdivision. Any information so furnished shall be considered confidential and privileged by the legislative auditor, and members of his staff, to the same extent as heretofore provided.
R.S. 47:1508 prohibits the disclosure of confidential taxpayer information, with certain exceptions, unless otherwise provided by law. R.S. 47:1508's language, "except as otherwise provided by law", means that R.S. 47:1508 is not applicable if another statute specifically allows access to tax returns. Both R.S. 24:513 and R.S. 24:522 address the *Page 4 
Auditor's access to records and documents. As indicated above, R.S.24:513 grants the Auditor access to "all papers, books, accounts, records, files, instruments, documents, films, tapes, and any other forms of recordation of all auditees". R.S. 24:522, which governs the Louisiana Performance Audit Program also allows the Auditor access to certain records. R.S. 24:522(C)(3) empowers the Auditor to "evaluate the impact, effectiveness, and cost-effectiveness of all state agencies and of their programs, services, and activities". R.S. 24:522(D)(1) requires state agencies to assist the Auditor in this effort, and further requires their officials and staff to "furnish such information, reports, aid, services, and assistance as he may request, all without any cost or charge of any nature to the legislative auditor". However, neither of these statutes specifically addresses tax returns, while R.S.47:1508 does.
As a matter of statutory interpretation, whenever there is an apparent conflict between a general statute and more specific statute, the more specific statute controls and applies to the specific situation as an exception to the general statutory rule. See LeBreton v. Rabito, 1997-2221 (La. 7/8/98), p. 7, 714 So.2d 1226, 1229, ("Rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." [citingState ex rel. Bickman v. Dees, 367 So.2d 283 (La. 1978) and Esteve v.Allstate Ins. Co., 351 So.2d 117 (La. 1977)]). See also Boudreaux v.Terrebonne Parish Police Jury, 422 So.2d 1209 (La.App. 1st Cir., 1982);Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La., 1980); and the cases cited therein.
Therefore, in the event of a conflict regarding access to confidential tax records between R.S. 47:1508 and R.S. 24:513 and/or 24:522, R.S.47:1508 would prevail, as that statute specifically addresses tax records.[1] In contrast to R.S. 24:513 and R.S. 24:522, R.S. 24:513.1
specifically allows the Auditor to examine tax returns and tax return information when Revenue is the auditee, and provides in pertinent part: *Page 5 
 A. The legislative auditor, or any member of his staff designated by him, shall have authority to examine and audit the books and accounts of the Department of Revenue, and shall have access to all papers, books, records, files, instruments, documents, including tax returns and tax return information, films, tapes, and any other forms of recordation, including but not limited to computers and recording devices, and all software and hardware which hold data, is part of the technical processes leading up to the retention of data, or is part of the security system, which the legislative auditor, in his discretion, deems necessary for the purpose of making the audit, if such disclosure of information is not in contravention of any provision of federal law prohibiting the dissemination thereof. (Emphasis added).
Based upon the foregoing, it is our opinion that neither R.S. 24:513
nor R.S. 24:522 grants the Auditor access to confidential tax records in the possession of the Department of Revenue. The Auditor only has access to tax returns and tax return information when the Department of Revenue is the auditee pursuant to La.R.S. 24:513.1. Attorney General Opinion No. 86-596 is modified, and Attorney General Opinion No. 01-467 is recalled, to the extent they are in conflict with our determination herein.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 RICHARD L. McGIMSEY
 Assistant Attorney General
 CCF, JR/RLM:dam
[1] In Attorney General Opinion No. 86-596, which addressed the ability of an independent certified public accountant to have access to confidential tax records of the Lincoln-Ruston Sales and Use Tax Division for the purposes of auditing that Division, we stated that the certified public accountant should not be prevented from having access to those files necessary to perform the task required by R.S. 24:513. We further stated that in as far as R.S. 47:1508 and R.S. 24:513 were in conflict, R.S. 24:513, as the latest expression of legislative will, implicitly created an exception to the rule of confidentiality set forth in R.S.47:1508. However, in reviewing that Opinion and R.S. 47:1508, we note that the two statutes are not in conflict. In fact, R.S. 47:1508B(10) allows political subdivisions to disclose confidential tax records to the Legislative Auditor. In light of the fact that R.S. 24:513 allows for audits to be performed by independent certified public accountants, it is our opinion that the ability of a political subdivision to disclose confidential tax information to the Legislative Auditor also extends to an independent certified public accountant performing an audit of the political subdivision pursuant to R.S. 24:513.
In Attorney General Opinion No. 01-467 we opined that in the event of a conflict between R.S. 24:522 and R.S. 47:1508 regarding access to confidential tax records, R.S. 24:513, as the latest expression of legislative will, implicitly created an exception to the rule of confidentiality set forth in R.S. 47:1508. However we feel that this was an overly broad interpretation of R.S. 24:522, as there is no indication of an expression of legislative will regarding the confidentiality of tax information in that statute.